**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

Reza Farzan,                                          Chapter 13

                                                      Case No. 19-29256 (CMG)

                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - -X


**OPINION**

**APPEARANCES:**

**Reza Farzan**
Self-Represented Debtor

**Denise Carlon, Esq.**
**KML LAW GROUP, P.C.**
Attorneys for Bayview Loan Servicing, LLC

**Albert Russo, Esq.**
**STANDING CHAPTER 13 TRUSTEE**

**CHRISTINE M. GRAVELLE, U.S.B.J.**


**INTRODUCTION**

  Before the Court are three matters in the bankruptcy case of Reza Farzan ("Farzan"). First,

Farzan has filed a Motion to Disallow the Secured Claim of Bayview Loan Servicing, LLC

("Bayview"). Second, Bayview has filed a Motion for Relief from Stay as to real property located

at 23 Twin Terrace, Holmdel, NJ 07733 (the "Property"). The Property is Farzan's residence.

Finally, a confirmation hearing on Farzan's Chapter 13 plan is scheduled. At issue underpinning

the dispute in all three matters is the common question of whether Bayview's mortgage lien against the Property is valid.  This question has been extensively litigated in the state and federal courts of New Jersey as well as in this Court.  Farzan's arguments have been repeatedly considered, and rejected, by those courts.

The Court heard oral argument on Farzan's Motion to Disallow the Secured Claim of Bayview and Bayview's Motion for Relief from Stay on May 20, 2020.  I reserved decision at the hearing and am submitting my written decision here.  Because plan confirmation is dependent upon this decision, that hearing has been adjourned.

Based upon the doctrines of Rooker-Feldman, Collateral Estoppel, and Abstention this Court will not revisit the issue of the validity of Bayview's secured claim and therefore the Motion to Disallow the Claim must be DENIED.  Because of this, and because Farzan is not adequately protecting Bayview, the Motion for Relief from Stay is GRANTED.  Farzan has indicated that he may file a modified plan after he has reviewed this decision and the Court gives him 14 days from the date of this decision to do so.

## JURISDICTION

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) an (K).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.  Pursuant to Fed. R. Bankr. P. 7052, the Court issues the following findings of fact and conclusions of law.

## FACTS

On or about February 14, 2005 Farzan executed a note (the "Note") in the amount of $359,650.00 with American Mortgage Network, Inc. ("AMN") which was secured by a mortgage (the "Mortgage") given to Mortgage Electronic Registration Systems, Inc., as nominee for AMN, its successors and assigns, on the Property ("MERS").  The Mortgage was assigned by MERS as nominee for AMN to Chase Home Finance LLC via assignment of mortgage dated February 27, 2009, and recorded on March 17, 2009, in the Office of the Monmouth County Clerk in Book OR-8762, Page 1598 (the "2009 Assignment").  The Mortgage was then assigned by Chase s/b/m Chase Home Finance LLC to Bayview via assignment of mortgage dated February 28, 2014, and recorded on June 23, 2014, in the Office of the Monmouth County Clerk in Book OR-9070, Page 364 (the "2014 Assignment").  On or about July 27, 2015, Plaintiff entered into a loan modification agreement with Bayview modifying the terms of the Loan (the "Modification").  On August 1, 2015, the Loan went into default.

In May 2016 Bayview began a foreclosure action against Farzan.  Farzan filed a contesting answer with affirmative defenses and counterclaims (the "Answer").  The filing contained allegations that Bayview was not the owner or did not have control of the Note and Mortgage and that the chain of assignment was fraudulent and broken.  It also contained counts alleging violations of the Truth in Lending Act, the Fair Foreclosure Act, the New Jersey Consumer Fraud Act, and the Real Estate Settlement Procedures Act.  Farzan's requests for relief in the counterclaim sought declaratory and injunctive relief declaring that the mortgage was not valid and that he had no liability on the mortgage.  He also sought damages.

In early 2017 Bayview moved, and Farzan cross-moved, for summary judgment in the foreclosure action.  On March 3, 2017 the Superior Court of the State of New Jersey,  Monmouth

County, Chancery Division (the "State Court") entered an order: (i) granting Bayview's Motion for Summary Judgment and denying Plaintiff's Cross-Motion for Summary Judgment; (ii) striking the Answer; and (iii) permitting Bayview to proceed with its foreclosure notwithstanding the fact that the original Note was lost.  Debtor filed a notice of removal of the foreclosure action to the United States District Court for the District of New Jersey (the "District Court") before the Office of Foreclosure filed final judgment.[1]  The District Court remanded the matter to the State Court. Debtor appealed the remand to the Third Circuit, which affirmed the order, noting that: "Farzan appears to have removed the case primarily because he disagrees with the State Court's unfavorable decisions against him.  As the District Court properly concluded, Farzan has not identified any New Jersey law that would preclude him from vindicating his federal rights or otherwise shown that the New Jersey courts could not enforce those rights."

In early 2018, Farzan filed a Motion to Vacate the Summary Judgment Order and to Dismiss the Foreclosure Complaint in the State Court.  That motion was denied.  On December 27, 2018 Farzan filed a Motion to Stay the Case in the State Court.  While the motion was pending, Farzan filed an action in the District Court against various State Court judges, the New Jersey Attorney General, the Office of Foreclosure, the Superior Court Clerk, and the County Clerk alleging civil rights violations (the "District Court Civil Rights Action").  Because Farzan named the State Court presiding judge as a defendant in the District Court Civil Rights Action, she recused herself from the foreclosure case pending in the State Court.  District Court Civil Rights Action is still pending.

---

[1] At oral argument, counsel for Bayview explained that, according to customary procedure in the State Court, a grant of summary judgment in favor of the plaintiff in a foreclosure action results in the striking of the answer to the foreclosure complaint.  The matter is then referred to the Office of Foreclosure, a unit in the N.J. Superior Court Clerk's Office, for processing as an uncontested foreclosure.

Meanwhile, the State Court, now through the judge newly assigned to Farzan's foreclosure action, denied the stay motion.  Farzan states that the new judge's "understanding of the facts was wrong."  Shortly after the denial, Farzan filed a Motion to Dismiss the Foreclosure Complaint based upon the doctrine of Judicial Estoppel.  The State Court denied that motion and denied Farzan's May 2019 Motion for Reconsideration.

In the interim, in February 2019, Farzan filed a second District Court complaint, this time naming MERS, JP Morgan Chase Bank, and various individuals (the "Second District Court Action").  The complaint rehashed the arguments raised in State Court regarding the alleged fraudulent assignments, lost Note, etc.  Defendants moved to dismiss the Second District Court Action under 12(b)(1) and (6).  The District Court granted the motion, invoking the Rooker-Feldman doctrine and finding that Farzan was inviting the District Court to review and reject the State Court judgment by seeking to invalidate the State Court's decision on summary judgment. The District Court further found no cause to grant leave to amend due to the futility of any such amendment.  Farzan has appealed the dismissal of the Second District Court Action to the Third Circuit Court of Appeals.  That appeal is pending.

In August 2019 Bayview moved for entry of the final judgment of foreclosure in the State Court.  An Uncontested Order for Final Judgment was entered on September 3, 2019.  The order was entered by the State Court judge who had previously recused herself from the case.  Farzan filed opposition to the motion for entry of judgment on the same day the judgment entered.  He also filed a Motion to Stay the foreclosure proceeding.  That motion, along with another motion, were returnable on October 11, 2019.  Yet rather than prosecute his motions, Farzan instead filed the present bankruptcy petition on October 10, 2019.

Shortly after the filing of the bankruptcy, Farzan filed an adversary proceeding against Bayview and numerous other parties. The adversary proceeding set forth the same facts and arguments as found in the State Court Answer, as well as in the Second District Court Action and rehashes the arguments regarding the allegedly fraudulent assignments and complaining of maladies in the foreclosure complaint and Motion for Summary Judgment. This Court granted Bayview's Motion to Dismiss the Adversary Proceeding based upon the doctrines of Rooker-Feldman and Abstention. This Court then denied Farzan's Motion to Reconsider. The matter is currently on appeal. Farzan has not moved for a stay of this Court's dismissal of his adversary proceeding pending appeal. At oral argument on May 20, 2020, Farzan asked this Court to deny or stay its consideration of Bayview's Motion for Relief from Stay in the main bankruptcy case until the District Court decides his appeal of this Court's dismissal of the adversary proceeding. Farzan's request for a stay is improper and unsupported. This Court declines to consider it.

Also at oral argument on May 20th, Farzan admitted that he challenged the same Assignments in the State Court that he challenges here. He explained that he offered an expert witness to testify in State Court that Bayview did not own the Note and Mortgage because the Assignments were not valid. He explained that he had retained a second expert to testify that, because the Bayview loan did not appear in the FreddieMac data base, Bayview could not have owned the loan and, therefore, did not have standing to foreclose. According to Farzan, the State Court judge did not allow his experts to testify and she did not look at the documents he claims were forged, fraudulent or both.

He argues that Bayview submitted the same forged or fraudulent documents to this Court in the form of the assignments and the Modification, which he claims he did not sign. The fraud on this Court, argues Farzan, cannot be ignored. He posits that it provides an exception to the

Rooker-Feldman doctrine upon which this Court partially relied in dismissing his adversary proceeding against Bayview

The problem with Farzan's argument is that his allegations, along with the documents he claims are forged or fraudulent, were clearly presented to the State Court before it entered summary and final judgment against him.  The fact that a judge may have "refused to review" the documents or allow expert testimony as to those documents are matters to be addressed on appeal in the State Court, not matters to be argued *de novo* and continuously in different courts.

As further proof of Bayview's fraud, Farzan claims Bayview changed its pleadings to remove its reliance on its Affidavit of Lost Note (the "Affidavit").  Bayview attached a copy of the Affidavit to its Proof of Claim, which includes 53 pages of documents supporting its claim. Bayview did not include the Affidavit as an attachment to its Motion for Relief from Stay or its Opposition to Farzan's Motion to Disallow Bayview's Claim.  Bayview's failure to include the Affidavit in these later-filed pleadings, deduces Farzan, is proof of Bayview's continuing fraud on this Court.  Although not entirely clear, Farzan appears to be arguing that Bayview's actions amount to an admission that either the Affidavit was false to begin with, that Bayview actually has the Note, or that it never had the Note at all.

The Court disagrees and finds that Bayview properly presented its objections and requests for relief.  As explained by counsel for Bayview at oral argument, the fact that she did not include the Affidavit in all pleadings means nothing.   She included exhibits that she decided were relevant to support her objections and requests for relief.  The Affidavit is part of the record as an attachment to Bayview's Proof of Claim and remains part of the record.

## ANALYSIS

Though the factual and procedural histories are lengthy, the facts can be distilled significantly. Farzan did not pay his mortgage. He does not contest that fact. He contests the validity of the 2009 Assignment and the 2014 Assignment. He contests the validity of the Modification. He contested the same during the State Court foreclosure proceeding, and the State Court upheld the validity of those documents evidenced by its entry of summary and final judgments in favor of Bayview.

He raised the same issues regarding the validity of the assignments in other courts in an attempt to avoid the State Court findings. He initially attempted to remove the foreclosure case to the District Court. He was unsuccessful. He then tried to pursue litigation against JPMorgan Chase Bank and MERS in the District Court premised on the same arguments. His case was dismissed based upon Rooker-Feldman. Next, he filed an adversary proceeding against Bayview in this Court premised on the same arguments. That case was also dismissed based, in part, upon Rooker-Feldman.

Farzan now comes before this Court again, this time in his main bankruptcy case, making the same arguments regarding the validity of the assignments and Modification to contest Bayview's Claim and as a defense to Bayview's Motion for Relief from Stay.

He may not recycle the same previously adjudicated allegations and arguments under the guise of seeking different relief. The effect is the same. He is inviting this Court to review and reject the State Court decision. This Court declined to do so in the adversary proceeding, and for substantially the same reasons I decline to do so here. The Rooker-Feldman doctrine precludes such action. Even were Rooker-Feldman not to apply, this Court is collaterally estopped from

reviewing the State Court judgment.  Finally, to the extent Farzan's allegations are still subject to review, this Court abstains from considering them.

This Court understands that Farzan is frustrated and believes he has information that the State Court should have considered during the course of the foreclosure litigation.  His remedy lies in the appeal process in State Court.

**<u>Claim Objection</u>**

Section 502 of the Bankruptcy Code controls the allowance of claims or interests in bankruptcy.  *See* 11 U.S.C. § 502.  Federal Rule of Bankruptcy Procedure 3001(f) provides that a properly filed claim constitutes *prima facie* evidence of the validity and amount of the claim.  Fed. R. Bankr. P. 3001(f).  An objection to a proof of claim may shift the burden of proof.  *See* <u>United States v. Baskin and Sears</u>, P.C., 207 B.R. 84, 86 (E.D. Pa. 1997).  This is concisely summarized as follows:

> A claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

<u>In re Graboyes</u>, 371 B.R. 113, 119 (E.D. Pa. 2007), *citing* <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-4 (3d Cir. 1992) (citations omitted), <u>In re Gimelson</u>, 2004 U.S. Dist. LEXIS 23879, 2004 WL 2713059 at *13 (E.D. Pa. 2004), <u>In re Galloway</u>, 220 B.R. 236, 244 (Bankr. E.D. Pa. 1998).  "A

bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity." In re Hollars, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996).

In this case, the objection to the Claim is based upon the same allegations and arguments that were litigated in the State Court. This Court must therefore decide whether it is appropriate to consider the objection under the doctrines of Rooker-Feldman, Abstention, and Collateral Estoppel.

## **Rooker-Feldman**

The Rooker-Feldman doctrine deprives federal district and bankruptcy courts of subject matter jurisdiction "over suits that are essentially appeals from state-court judgments." In re Philadelphia Entertainment & Development Partners, LP, 879 F.3d 492, 498 (3d Cir. 2018) (citing Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). In the Third Circuit, the doctrine applies when four requirements are met: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment. Id. at 500.

Specifically, the Rooker-Feldman doctrine precludes federal court review of challenges to state court foreclosure judgments where the relief requested would require the federal court to directly or indirectly review, negate, void, or provide any relief that would invalidate the decision in the state court. See Downey v. Perrault, 2009 WL 3030051 (D.N.J. 2009), Patteta vs. Wells Fargo Bank, N.A., 2010 WL 1931256 (D.N.J. 2010), Siravo v. Countrywide Home Loans, 349 Fed Appx 766, 768 (3d Cir. 2009).

This Court notes that there are circumstances that support federal court jurisdiction even when a party attempts to re-litigate matters addressed by a state court "as long as the 'federal

plaintiff present[s] some independent claim,' even if that claim denies a legal conclusion reached by the state court." *See* In re Philadelphia Entertainment, 879 F.3d at 500 (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293, 125 S.Ct. 1517, 1527 (2005)).  A federal court can address the same issue "and reach[] a conclusion contrary to a judgment by the first court," as long as the federal court does not reconsider the legal conclusion reached by the state court. Id. at 501-02, *quoting* Great Western, 615 F.3d at 169.  Rooker-Feldman prohibits federal courts from reviewing the "bona fides of the prior judgment." *See* Great Western, 615 F.3d at 169.

Farzan presents no independent claim over which this Court may exercise its jurisdiction. He raises no claims independent of state law in either the adversary proceeding or his Motion to Disallow the Bayview Claim.  He alleges no cause of action arising under the Bankruptcy Code that convey jurisdiction to this Court and deem Rooker-Feldman inapplicable.  He disagrees with the decision reached by the State Court because he does not believe the judge in the State Court properly reviewed the documents and testimony Farzan wanted her to review.  He is asking for a review of the bona fides of the State Court foreclosure judgment.  This is exactly the type of claim Rooker-Feldman prevents this Court from addressing.

Here, the elements of the Rooker-Feldman doctrine have been met.  Farzan lost in State Court on the issue of Bayview's standing, resulting in the entry of a final judgment in foreclosure. The judgment was entered prior to this bankruptcy and this motion.  The injury Farzan complains of is his obligation to pay Bayview under the Note and Mortgage.  Through his motion to disallow the claim he asks this Court to overturn the State Court foreclosure judgment by making a finding that Bayview has no claim.  This Court cannot do so.

Farzan's citations to legal authority in response to the Rooker-Feldman issue are meager. He generally states that the State Court failed to fully adjudicate his claim on the merits, the orders

entered are interlocutory, and that the orders are still subject to appeal.[2]  In a prior hearing in his

adversary proceeding against Bayview, Farzan cited to <u>Malhan v Secretary United States</u>

<u>Department of State</u>, 938 F.3d 453 (3d Cir. 2019), in which the Third Circuit addressed limitations

to the scope of the Rooker-Feldman doctrine.

The <u>Malhan</u> case addressed the issue of which state court decisions constitute a "judgment"

under Rooker-Feldman.  The Third Circuit's interpretation was related to an interlocutory order in

a family court divorce proceeding.  The <u>Malhan</u> court found that three types of state court orders

qualify as a "judgment".  "The first is when 'the highest state court in which review is available

has affirmed the judgment below and nothing is left to be resolved.'"  <u>Malhan v. Sec'y of State</u>,

938 F.3d at 459 (quoting <u>Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo</u>

<u>de Puerto Rico ("FMPR")</u>, 410 F.3d 17, 24 (1st Cir. 2005)). "'The second situation is when 'the

state action has reached a point where neither party seeks further action,'" such as when the time

for appeal expires or when the parties voluntarily stop litigating following an interlocutory order.

<u>Id.</u> (quoting <u>FMPR</u>, 410 F.3d at 24).  The final situation arises "when a state proceeding has 'finally

resolved all the federal questions in the litigation,' even though 'state law or purely factual

questions (whether great or small) remain to be litigated.'"  <u>Id.</u> at 459-60 (quoting <u>FMPR</u>, 410 F.3d

at 25).

In <u>Malhan</u>, the orders were interlocutory.  The Third Circuit found that the case was far

from ended, noting that "<u>Malhan</u> has had several motions pending since 2016, discovery is

incomplete, no trial is scheduled, and the family court has made clear (so far) that Malhan's support

obligations will not change until a final divorce decree is entered."  <u>Id.</u> at 461.  In comparison, here

---

[2] At the May 20th oral argument, Farzan made clear that he considers the foreclosure judgment entered by the State Court to be interlocutory as he filed this bankruptcy the day before the appeal period ran.  This Court disagrees as is explained later in this decision.

Bayview holds a final judgment in foreclosure. Though the summary judgment order may be interlocutory, that final judgment is not. The New Jersey Rules of Court do not refer to the foreclosure judgment as a mere judgment or order, but as a "final judgment." *See* N.J.R. 4:64.

While Farzan has engaged in post-judgment motion practice, which he failed to prosecute choosing instead to file this bankruptcy, the foreclosure matter is concluded. The State Court denied Farzan's numerous requests for relief and discovery is closed. There will be no trial on account of the final judgment in foreclosure. Outside of Farzan's right to appeal, the case has substantially ended.

Farzan filed for bankruptcy on the eve of the deadline to appeal the final judgment in foreclosure. That does not give him the opportunity to re-litigate, *de novo*, the same claims he brought to the State Court. It is clear that, instead of proceeding with his appeal in State Court, he is instead asking this Court to act as the appellate court for the State Court foreclosure judgment. To the extent he believes that the State Court improperly refused to consider evidence of fraud which he presented, it does not negate the fact that the issues were raised before the State Court before final judgment entered. This type of alleged deficiency in the State Court action must be addressed in the state appellate court.

Even if Malhan were to stand for the proposition that a party's right to appeal a final judgment in foreclosure generally limits the application of the Rooker-Feldman doctrine, this case fits within one of the three scenarios presented by the Malhan court as to when the doctrine would still apply. Specifically, the state proceeding has resolved all the federal questions in the foreclosure litigation. This is because there are no federal questions in the litigation. The District Court found as much in its decision on the Motion to Remand, stating:

> [Bayview's] Complaint does not present a question of federal law . . . [the complaint] relies exclusively upon state law in asserting a cause of action to foreclose a mortgage, and therefore, provides no basis for federal jurisdiction.  To the extent that Defendant relies on federal causes of action asserted in his counterclaims as the basis for federal question jurisdiction, those arguments are misplaced.  Accordingly, because the face of Plaintiff's Complaint does not identify a federal question, this Court lacks federal question jurisdiction, irrespective of any federal counterclaim asserted by Defendant.  (citations omitted).

The Third Circuit affirmed the District Court decision.  While the Bankruptcy Code is federal law and bankruptcy courts consequently address federal questions arising thereunder, it does not, standing alone, convey federal jurisdiction to debtors who are unhappy with a decision issued by a state court.  It would be illogical and unjust to allow Farzan to repackage a request for relief based on the same claims that have been fully adjudicated in the State Court under the guise of an adversary proceeding or an objection to claim within the context of a bankruptcy.  Doing so would lead to a deluge of bankruptcy filings serving no purpose other than to obtain federal jurisdiction to challenge a final judgment in foreclosure.

As the Third Circuit has noted, usually, the final step in a Rooker-Feldman doctrine analysis is to "apply state law to determine the preclusive effect of the prior state-court judgments." *See* Phila. Entm't, 879 F.3d at 503, *quoting* Great Western, 615 F.3d at 173.  Here, this Court is collaterally estopped from considering Farzan's challenge to the Note and Mortgage.

### Collateral Estoppel

Federal Courts have held that if an allegation has been decided against a Debtor, the same allegations cannot later be used in a subsequent proceeding in Bankruptcy Court to attack the validity of a creditor's lien.  In Re Assante, 470 B.R. 707, 712 (S.D.N.Y. 2012).  Under New Jersey law, collateral estoppel may be used to estop a claim when:

(1)    The issue to be precluded is identical to the issue decided in the prior
proceeding;
(2)    The issue was actually litigated in the prior proceeding;
(3)    The court in the prior proceeding issued a final judgment on the merits;
(4)    The determination of the issue was essential to the prior judgment; and
(5)    The party against whom the doctrine is asserted was a party to or in privity
with a party to the earlier proceeding.

In re Estate of Dawson, 136 N.J. 1, 20 (1994) (citations omitted).  *See also* Ivashenko v. Katelyn

Court Co, 401 N.J.Super. 99, 109 (App. Div. 2008), *cert. denied*, 196 N.J. 464 (2008).

Generally, in New Jersey collateral estoppel is applied where "a party has had his day in

court on an issue," In re Azeglio, 422 B.R. 490, 495 (Bankr. D.N.J. 2010) (citing Zirger v. General

Accident Ins. Co., 144 N.J. 327, 228 (1996), and where a "'judgment on the merits' is entered 'in

an adversarial context.'"  In re Azeglio, 422 B.R. at 495 (citing Slowinski v. Valley National Bank,

264 N.J. Super 172, 182-83 (App.Div. 1993).

New Jersey state courts also hold that the doctrine of collateral estoppel will not be applied

when it is unfair to do so.  *See* Kozlowski v. Smith, 193 N.J. Super. 672, 675 (App.Div. 1984).

"The application of the collateral estoppel doctrine is not automatic and should not be applied 'if

there are sufficient countervailing interests.'  Importantly, this doctrine precludes relitigation only

of questions 'distinctly put in issue' and 'directly determined' adversely to the party against which

the estoppel is asserted."  In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (citations omitted).

Here, the issue of Bayview's standing is the basis for Farzan's objection.  Farzan argued in

the State Court that Bayview did not own the Note and Mortgage because the Assignments were

fraudulent and that he did not sign the Modification.  That precise issue was decided by the State

Court in the foreclosure proceeding.  It was actually litigated.  Farzan actively participated in the

Motion for Summary Judgment, even filing his own cross-motion.  A final judgment in foreclosure

was entered based upon Bayview's standing to foreclose.  While the final judgment was entered

as "uncontested" in keeping with New Jersey's foreclosure practice, this was a direct result of the ruling on summary judgment, which considered the merits of the arguments on standing. The determination of standing was essential to the entry of the final judgment. Without standing, it would be impossible for the State Court to enter the judgment. The parties in this Court are the same as in the foreclosure action. All of the elements of collateral estoppel are met and this Court sees no sufficient countervailing interest that would make unfair its refusal to consider the previously litigated issues.

Farzan did not address the issue of collateral estoppel. He again generally states that the final judgment in foreclosure is still subject to appeal. But, "[u]nlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of being appealable." In re Brown, 951 F.2d 564, 569 (3d Cir.1991). Collateral estoppel therefore applies.

### **Abstention**

Finally, this Court can and will abstain from deciding Farzan's Motion to Disallow Bayview's Claim applying the Colorado River Doctrine. *See* Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (federal court may abstain, either by staying or dismissing pending federal action, when there is parallel ongoing state court proceeding). This Court previously dismissed Farzan's adversary proceeding applying the same doctrine. In Colorado River, the Supreme Court noted that despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them . . . circumstances [for abstention], though exceptional, do nevertheless exists." Id. at 817-18 (citations omitted). These circumstances rest upon considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817 (citing

to Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, 203 (1952)).

The Third Circuit has articulated a two-pronged approach to determine whether abstention is appropriate.  The initial threshold issue is whether there is a "parallel state proceeding that raises substantially identical claims [and] nearly identical allegations and issues."  Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009) (citations and internal quotation marks omitted).  If the first prong is satisfied, the courts then look to a multi-factor test to determine whether "extraordinary circumstances" to abstain are present.  Id. at 307-08.  The six factors to be considered are:

> (1) which court first assumed jurisdiction over the property;
> (2) the inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether federal or state law controls; and
> (6) whether the state court will adequately protect the interests of the parties.

Id. (quoting Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999)).  None of the factors alone is determinative.  Colorado River, 424 U.S. at 818-19.  The balancing of factors is "heavily weighed in favor of the exercise of jurisdiction."  Nationwide Mut. Fire. Ins. Co., 571 F.3d at 308 (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

Courts in this district have applied this doctrine in the context of foreclosures.  *See, e.g.*, St. Clair v. Wertzberger, 637 F. Supp. 2d 251, 255 (D.N.J. 2009); Ruffolo v. HSBC Bank USA, N.A., 2014 WL 4979699 (D.N.J. Oct. 3, 2014); DiPietro v. Landis Title Co., 2012 WL 2116404 (D.N.J. June 11, 2012).

Here, the bankruptcy proceedings and State Court foreclosure action are parallel.  The issue is the same: whether allegedly fraudulent assignments and a forged loan modification invalidate the Bayview lien and release Farzan from liability thereunder.  In fact, in his Motion to Disallow Bayview's Claim Farzan makes the same arguments he made in the adversary proceeding, which this Court previously dismissed.  The claims and allegations regarding the validity of the assignments, fraud, and forgery are the same as those brought before the State Court.  The parties are the same.  Therefore, the application of the six "extraordinary circumstance" factors is required.

Even heavily weighing the factors in favor of retaining jurisdiction, it is apparent that abstention is appropriate.  Factors one and four weigh heavily in favor of abstention.  Jurisdiction arose in the State Court via the foreclosure action.  The State Court has maintained its jurisdiction for the four-year period beginning with the filing of the foreclosure complaint.  During that four-year period, the District Court explicitly <u>rejected</u> federal jurisdiction.  The State Court has presided over numerous motions during that time period and is intimately familiar with the facts and contentions of the parties.  The State Court also has jurisdiction over the *res*, Farzan's Property, which is located in the state.

Factors five and six are similarly strongly weighted in favor of abstention.  As noted by the District Court in its remand, and as affirmed by the Third Circuit Court of Appeals, the litigation regarding the validity of Bayview's standing to foreclosure is a state law issue.  While the bankruptcy court has jurisdiction over the property pursuant to the filing, the underlying issues remain the same and are deeply rooted in state law.  To the extent that Farzan's adversary complaint contained any federal causes of action, those causes of action were similar to those plead in his counterclaim in the foreclosure action.  He did not allege any violation of the Bankruptcy Code.  He brought no cause of action created by the Bankruptcy Code.

The Third Circuit noted that Farzan has "not identified any New Jersey law that would preclude him from vindicating his federal rights or otherwise shown that the New Jersey courts could not enforce those rights."  Therefore, it has already been determined that the State Court will adequately protect his interests, and factor six is satisfied.

Finally, factor three also weighs in favor of abstention.  A ruling from this Court that Bayview lacks standing to foreclose and/or does not have a valid lien, when contrasted with the final judgment in foreclosure, "would throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts. It would also effectively constitute an injunction enjoining the state court from ordering a foreclosure sale, which is prohibited by the Anti–Injunction Act."   St. Clair v. Wertzberger, 637 F. Supp. 2d at 255.

It was for these reasons that this Court abstained from hearing Farzan's adversary proceeding, and it is for these same reasons that the Court must deny his Motion to Disallow Bayview's Claim.  The State Court foreclosure judgment is a final judgment and Farzan's recourse, if any, lies in the State Court.

### Decision as to Claims Motion

Based upon the doctrines of Rooker-Feldman, Collateral Estoppel, and Abstention, this Court will not revisit the State Court foreclosure judgment.  For the purposes of this bankruptcy, the final judgment in foreclosure gives the Bayview Claim validity.  There need not be protracted parallel litigation in this Court to re-examine the issue.  The Motion to Disallow the Claim is DENIED.

**Decision as to Motion for Relief from Stay**

11 U.S.C. § 362(d) provides that upon the request of a party in interest the court shall grant relief from stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. § 362(d)(1).  The section does not define "cause," leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case.  In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997), *citing* Trident Assocs. v. Metropolitan Life Ins. Co. (In re Trident Assocs.), 52 F.3d 127 (6th Cir. 1995).

Bayview's motion is premised on the lack of adequate protection.  Farzan has failed to make any payments since the filing of the bankruptcy, with the post-petition arrears now totaling over $16,000.  This, in addition to pre-petition arrears totaling in excess of $120,000.

Farzan takes the position that Bayview is not a creditor, and therefore is not owed any adequate protection.  He believes that relief from stay is not appropriate in light of his pending cases and appeals in District Court and the Third Circuit.

Cause exists for relief from stay.  As explained in detail above, this Court will not disturb the final judgment in foreclosure and resultingly will not disturb Bayview's secured claim.  Adequate protection is required but is not being paid.

The facts of this case demonstrate cause beyond the lack of adequate protection payments.  This Court has found that the proper venue for Farzan to pursue his claims is in the State Court.  Stay relief allows Farzan to continue with his appeal of the foreclosure judgment in State Court if that is what he chooses to do.

To the extent that Farzan is asking for a stay pending appeal of the dismissal of the adversary proceeding, such relief is denied.  First, there is no immediate irreparable harm to Farzan.  There is no scheduled foreclosure or eviction.  Farzan may go to the State Court to pursue

his appellate rights there.  Additionally, the State Court has its own provisions for stay pending

appeal.  The State Court will be in a better position to evaluate the issue of the likelihood of success

on the merits, as the matter primarily implicates state law.  Third, there is significant prejudice to

Bayview in allowing a stay.  Bayview has not been paid in approximately 5 years.  Arrears on the

Note have climbed close to $150,000 in that time.  They continue to expend legal fees defending

multiple actions in multiple jurisdictions.  Farzan has not been successful in any action, yet he asks

for an indefinite stay while he pursues multiple appeals in multiple venues.  Over the course of the

months or years that his appeals are pending, he will continue to reside in the Property while

making no payments to Bayview, who will continue to incur costs and fees.  This is inequitable.

For these reasons stay relief is GRANTED.

Farzan will have fourteen (14) days from the entry of this decision to file a modified plan.


Dated:  May 27, 2020                                    /s/Christine M. Gravelle
                                                                    United States Bankruptcy Judge