# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

IN RE: REZA FARZAN,

           Debtor.

REZA FARZAN,

           Appellant,

v.

BAYVIEW LOAN SERVICING, LLC,

           Appellee.

Civ. Action Nos.
20-7134 (FLW)
20-7135 (FLW)

**ORDER**

      **THIS MATTER** is before the Court upon its own motion; it appearing that on June 11, 2020, *pro se* appellant Reza Farzan ("Appellant") commenced the above-captioned bankruptcy appeals, *see* 20-7134, ECF No.1, Notice of Appeal; *see* 20-7135, ECF No.1, Notice of Appeal; it further appearing that pursuant to Federal Rule of Bankruptcy 8009, Appellant was required to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after filing the notice of appeal; it appearing that Appellant has not filed either a designation of record or a statement of issues in either appeal, nor has Appellant sought an enlargement of time to file; it further appearing that Appellant has another appeal pending, stemming from the same underlying bankruptcy matter, in which he has filed a designation of record, and thus, Appellant is aware of the applicable Bankruptcy Rules, *see* 20-3330, *Farzan v. Bayview Loan Servicing*, No. 1, Designation of Record on Appeal; it further appearing that the Court "in its discretion, may dismiss a bankruptcy appeal for lack of prosecution," *In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 48 (3d Cir. 2015) (citing

*Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); it appearing that to dismiss a bankruptcy appeal for lack of prosecution, the Court must consider the six factors laid identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)): (i) "the extent of the party's personal responsibility;" (ii) the prejudice caused to adversaries caused by appellant's failure to prosecute; (iii) the party's "history of dilatoriness"; (iv) "whether the conduct of the party or the attorney was willful or in bad faith;" (v) effectiveness of other sanctions; and (vi) "meritoriousness of the claim or defense." *Emerson*, 296 F.3d at 190 (citing *Poulis*, 747 F.2d at 868); it appearing that Appellant is personally responsible for his failure to prosecute this action, as he is proceeding *pro se* and responsible for pursuing this action, *see Bembry-Muhammad v. Greenberg*, No. 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) (dismissing appeal where "the Appellant is proceeding *pro se*, the duty to properly prosecute the appeal fell on her, and thus she is personally responsible for the failure to timely perfect this appeal and to properly serve the Appellee"); it further appearing that the appellee is prejudiced due to Appellant's failure to prosecute, as Appellant has not identified the issues on appeal, which both precludes the appellee from defending the appeal on the merits, and prevents this Court from assessing the meritoriousness of Appellant's claims; it further appearing that Appellant's failure to prosecute was willful, as he is ostensibly aware of the deadlines imposed by the Federal Rules of Bankruptcy having adhered to them in another case before this Court, *see In re 40 Lakeview Drive, LLC,* No. 15-14692, 2018 WL 10150481, at *2 (D.N.J. June 28, 2018) ("The Appellant is well-aware of the requirements and deadlines set forth in the Federal Rules of Bankruptcy Procedure, in view of this past experience. Thus, the Appellant is personally responsible for the failure to timely proceed with the prosecution of her appeal."); it further appearing that Appellant is proceeding *pro se* and has filed bankruptcy thus, monetary sanctions would likely be ineffective, *see Guiuan v. Wells Fargo Bank, N.A.*, No. 18-11423, 2020

WL 219870, at *4 (D.N.J. Jan. 15, 2020) ("Because Appellant is proceeding *pro se* and has sought bankruptcy relief, it appears that monetary sanctions will not be an effective alternative to dismissal"); thus, the balance of the *Poulis* factors weigh in favor of dismissing Appellant's appeals for failure to prosecute; accordingly, for good cause shown,

**IT IS** on this 20th day of October, 2020,

**ORDERED** that the above-captioned appeals are dismissed; and it is

**FURTHER ORDERED** that the Clerk of the Court is directed to terminate these matters on the Court's docket.

/s/ Freda L. Wolfson  
Hon. Freda L. Wolfson  
U.S. Chief District Judge