Official Form 417A (12/18)

19-29256
# 120

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

FILED
JEANNE A. NAUGHTON, CLERK
MAY 27 2022
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY _____ DEPUTY

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): **Reza Farzan**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: **Order of 5/19/22 and Letter of 5/20/22**

2. State the date on which the judgment, order, or decree was entered: **5/19/22**

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **Bayview Loan Servicing LLC**    Attorney: **Denise Carlon**
   **KML Law Group**
   **701 Market St. #5000**
   **Philadelphia PA 19106**
   **215-627-1322**
   **DCarlon@kmllawgroup.com,**

2. Party: _____    Attorney: _____

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

  [X] Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_____    Date: __5/25/22_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
 Reza Farzan_____

-23 Twin Terrace Holmdel NJ 07733-

732-778-5047

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on May 19, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Reza Farzan

| | |
|---|---|
| Case No.: | 19-29256-CMG |
| Hearing Date: | 5/18/22 |
| Judge: | Christine M. Gravelle |
| Chapter: | 13 |

Recommended Local Form:   ☒ Followed   ☐ Modified

## ORDER DENYING MOTION OR APPLICATION FOR THE ENTRY OF AN ORDER

To Grant Multiple Reliefs

The relief set forth on the following page is hereby **ORDERED**.

DATED: May 19, 2022

Honorable Christine M. Gravelle
United States Bankruptcy Judge

A motion or application having been filed on _____May 10_____, 20 22  by _Reza Farzan_____ for entry of an order as set forth above, all interested parties having been duly served, the Court having considered all of the papers submitted, along with any arguments of counsel, and for good cause shown; it is

ORDERED that the aforesaid motion or application is denied.

The successful party shall serve this order on the debtor, any trustee and all parties who entered an appearance on this matter.

*Rev. 7/1/04; jml*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
United States Courthouse
402 East State Street, Room 241
Trenton, New Jersey 08608

**Hon. Christine M. Gravelle**
United States Bankruptcy Judge

609-858-9370
Fax 609-989-0431

May 20, 2022

Mr. Reza Farzan
23 Twin Terrace
Holmdel, NJ 07733

Denise E. Carlon
KML Law Group, PC
701 Market Street
Suite 5000
Philadelphia, PA 19106

Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853

**In re Reza Farzan**
**Chapter 13 – Case No. 19-29256 (CMG)**

Dear Litigants:

**Introduction**

Debtor, Reza Farzan (the "Debtor"), comes before this Court seeking multiple reliefs. Specifically, he seeks my recusal as judge, to vacate prior orders of the Court, and for a stay of the Sheriff Sale on his property currently scheduled for May 31, 2022. For the following reasons, the motions are DENIED.

**Facts**

The Debtor owns property located at 23 Twin Terrace, Holmdel NJ ("Property"). There has been an extensive litigation history with regards to the Property in this Court, New Jersey state court, New Jersey federal district court, as well as the accompanying appellate courts. That history is set forth in detail in this Court's May 27, 2020 opinion at ECF 54. Those facts are incorporated herein.

The Debtor has aggressively challenged the enforceability of the note and mortgage securing the Property in the state and federal courts. He does not contend that he is current on the mortgage payments and admits that he has not made a mortgage payment since 2008. Rather, he challenges the standing of the mortgage holders and the validity of the assignments of the instruments. He has further pled independent claims against the mortgage holders for purported violations of state and federal statutes, and against numerous court officials and judges, claiming violations of his civil rights. The litigation has been unsuccessful, and a Sheriff Sale is scheduled for May 31, 2022.

Before this Court the Debtor sought to challenge the secured claim of Bayview Loan Servicing, LLC ("Bayview") through an adversary proceeding and a somewhat duplicative objection to the claim by motion in the main bankruptcy case. In turn, Bayview sought relief from the automatic stay. The adversary proceeding was dismissed upon Bayview's motion. The Debtor appealed the decision to the District Court and the Third Circuit, each of which affirmed the dismissal.

Similarly, this Court rejected the Debtor's objection to Bayview's claim relying upon principles of abstention, collateral estoppel, and Rooker-Feldman. Because of the substantial pre-petition arrearage, stay relief was granted. The orders denying the claims objection and granting stay relief were entered on May 27, 2020 (ECF 56 & 57 - the "2020 Orders"). The Debtor appealed the 2020 Orders to the District Court, which dismissed the appeals for failure to comply with court rules. The District Court denied Debtor's motion for reconsideration. He then appealed to the Third Circuit which upheld the dismissal of the appeals on April 27, 2022.

The Debtor confirmed a Chapter 13 plan on July 16, 2020. The confirming order provided for payments of $100 per month for 36 months beginning on July 1, 2019. The order specifically

stated that it was "Ordered that creditor Bayview Loan Servicing, PACER Claim #2-1, received stay relief on May 27, 2020 on property located at 23 Twin Terrace; no arrears are to be paid through the Chapter 13 plan."

At some point in 2022, a Sheriff Sale was scheduled through the state court process. Debtor stated that he filed two motions in state court to vacate the writ of execution and to vacate the Sheriff Sale which were denied. He filed an appeal in state court and a motion to stay the sale there, which were also denied. Farzan contends that the state appellate court did not consider his stay request, informing him that the bankruptcy court was the proper venue. However, the state appellate court order denying the stay stated that "[Farzan] has not met the Crowe v. De Gioia, 90 N.J. 126 (1982), standard to warrant the requested relief." That case sets forth the standard for injunctive relief in New Jersey state court, evidencing that those factors were considered. These are the same factors that this Court would consider in determining whether to stay the sale.

Farzan's next step was to file a motion to stay the sheriff sale in this court, claiming that 11 USC § 362(c)(2) applied. That section states that the stay continues until dismissal or discharge. But that section also assumes that no relief from the stay has been granted. Here, there was no stay to continue because I had granted relief from the stay in May 2020 pursuant to § 362(d). Further, the order confirming Farzan's plan recognized the absence of the stay. As a result, I denied Farzan's motion to stay the sheriff sale two weeks ago, on May 4, 2022.

Debtor now asks for the stay on other grounds and includes additional requested relief. His papers again rely on the same basic legal theories regarding the authentication and validity of documents utilized in the state court foreclosure proceeding. He takes issue with the legal process in state court and in this court, arguing that he has been deprived of his constitutional rights. However, Debtor fails to appreciate that the underlying reasoning of this Court's decisions

remains, that the state court, not this Court, is the appropriate venue in which to raise issues relating to the foreclosure.

**Law**

**Recusal**

Under 28 U.S.C. § 455

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

The Court in <u>United States v. Cox</u>, No. 11-99, 2014 WL 12900822 (D.N.J. Oct. 2, 2014), analyzed the applicable caselaw controlling recusal:

> Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." <u>Selkridge v. United of Omaha Life Ins. Co.</u>, 360 F.3d 155, 167 (3d Cir. 2004) (quoting <u>Krell v. Prudential Ins. Co. of Am.</u> (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)).
>
> \* \* \* \* \* \* \*
>
> Courts have consistently found that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." <u>Litekey</u>, 510 U.S. at 555 (citing <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966)); *see also* <u>Massachusetts Sch. of Law at Andover v. ABA</u>, 107 F.3d 1026, 1043 (3d Cir. 1997). Therefore, Defendant's arguments which rely on this Court's findings, holdings and/or reasoning contained in any of its decisions in the instant action cannot serve as a valid basis for a § 455 recusal on their own.

At \*1.

Here, Debtor requests my recusal because he alleges that I violated his constitutional rights to face his accuser, to due process and equal protection, and my purported failure to enforce Bayview's burden to prove Article III standing.

The Debtor makes no mention of personal bias or prejudice. He has not articulated any specific facts evidencing my impartiality. To the extent that he believes that prior decisions provide such evidence, while I appreciate that he may disagree and be displeased with those decisions, I took a considerable amount of time to consider his arguments and provided an opinion to establish the basis for the outcome. He appealed those decisions, as is his right. But his disagreement does not serve as a basis for recusal.

**Motion to Vacate**

Debtor seeks to vacate the 2020 Orders and the 2022 Order. Fed. R. Bankr. P. 9024 applies F. R. Civ. P. 60 in bankruptcy cases, and allows for relief from a final judgment or order for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) Fraud (whether previous called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) Any other reason that justifies relief.

F. R. Civ. P. 60(b). Rule 60(b)(6) may only be invoked if one of the grounds enumerated in clauses (b)(1) through (b)(5) are not applicable. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

As the Debtor did not specifically plead under Fed. R. Civ. P. 60, he did not reference any of the specific clauses under subsection (b). His filing references fraud throughout his filing,

however those same issues were raised at the time of the original decision by the state court, were addressed by this Court in its May 2020 Order, and have been presented on appeal.

At oral argument he explained that he believed my prior decision was based on mistake, because I referred to the foreclosure judgment as a "final judgment" despite Farzan's right to appeal the judgment. I disagree. The May 2020 Orders explicitly considered Farzan's right to appeal the state court decisions as it related to the Rooker-Feldman doctrine. To the extent that Farzan believed that analysis was a "mistake" the proper venue through which to challenge the issue was through his appeal.

He also stated that he had uncovered new evidence and caselaw, but he did not show that it was information or argument that he could not have uncovered prior to the May 2020 hearing.

Importantly, to the extent that he then relies on Rule 60(b)(1), (2) or (3), this motion must be denied as untimely. The 2020 Orders were entered on May 27, 2020, almost two years ago. "A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." F. R. Civ. P. 60(c)(1). Because Farzan's motion to vacate is based on fraud or mistake it was not timely filed, since nearly two years have passed since issuance of the decisions.

Even if this Court were to liberally construe the request as one under Rule 60(b)(6)[1] it is not reasonable to wait 2 years following the issuance of two decisions by this Court, appeal those decisions to the district court and the circuit court and, after being unsuccessful, to begin the process over again through a motion to vacate. The facts and arguments here have been available to Debtor and he has made them before.

---

[1] Clause (6) may not be used to circumvent the one-year limitation under F. R. Civ. P. 60(c)(1). Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863 & n. 11

The Court notes that, to the extent Debtor's motion seeks to vacate the May 2022 Order, his request was not untimely. But he alleges nothing that would support a vacation of the May 2022 Order. The request to vacate the May 2022 Order is denied.

**Stay of Sheriff Sale**

Finally, the Debtor seeks to stay the May 31st Sheriff Sale. The rationale underlying this Court's decisions throughout the case has been that this matter is more appropriately decided in state court. Debtor does not seek to treat the Bayview claim through his plan. He merely is using the bankruptcy process as a means to attempt to challenge the foreclosure. With no attempt to treat the claim, and with stay relief granted and a plan confirmed that vested all property with Farzan, the end result is that the Property is no longer property of the estate. Farzan made the choice to proceed with his bankruptcy plan with knowledge that stay relief had been granted to Bayview and its claim allowed. Therefore, the claim must be addressed outside of this Court. With the Third Circuit upholding the decisions on stay relief and the allowance of the claim, there is no reason for this Court to issue a stay as to the Property. The state court is the proper venue for such relief.

To the extent the Debtor would like this Court to issue a stay pending appeal, such relief is rejected as well.

The standard for either injunctive relief or a stay pending appeal is substantially similar: (i) the degree to which the movant has shown that he or she is likely to succeed on the merits of the appeal; (ii) whether the movant will be irreparably injured absent a stay; (iii) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (iv) whether issuance of the stay will harm the public interest. *See e.g.*, Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991); Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 2001 WL 493266, at *1 (D.N.J. Jan. 17, 2001) (stating that

these "factors are nearly identical to those that the Court consider[s] in ruling on [a] preliminary injunction application").

I briefly touched upon these factors at the May 4th hearing. I do not find a likelihood of success on the merits. Stay relief and denial of his claims motion have been unsuccessfully appealed to the Third Circuit. There is nothing in the record to indicate why he would be successful here, where the relief sought is based upon the same facts and arguments.

I understand that this decision will cause harm to the Debtor, as the Property is his residence. However, that alone cannot be a basis for staying the matter any further. He has not paid on his mortgage since 2008. Bayview is incurring substantial costs and fees in defending the numerous legal actions he has brought forth while not recouping any value from the property, which is apparently underwater. It is not in the public interest to allow people carte blanche to remain in a property with no payment simply due to the filing of multiple actions in multiple courts. All factors weigh in favor of Bayview.

The Debtor took an all or nothing approach to this litigation. The end result was always going to be either he owned the Property free and clear of any claim, or he would be foreclosed upon. There has been more than enough litigation and any further stay would serve no purpose.

For these reasons the motions are DENIED.

Very truly yours,

/s/Christine M. Gravelle
United States Bankruptcy Judge

CMG/rtp
Docket



Rez
23 Twin Terrace
Holmdel NJ 07733

US Bankruptcy Court
US Courthouse
402 East State St.
Trenton NJ 08608