**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
CHIEF JUDGE

Clarkson S. Fisher Federal
Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**LETTER ORDER**

January 25, 2023

Reza Farzan, *pro se* Plaintiff
23 Twin Terrace
Holmdel, New Jersey 07733

Gregg P. Tabakin, Esq.
Fein, Such, Kahn & Shepard, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054

      RE:   *Reza Farzan v. Bayview Loan Servicing, LLC, et al.*,
              No. 22-3312 (FLW)

Litigants:

      This appeal arises out of a state foreclosure action and related proceedings in the United States Bankruptcy Court for the District of New Jersey ("USBC"). After petitioning for Chapter 13 bankruptcy, *pro se* Plaintiff Reva Farzan ("Farzan") filed an Adversary Complaint against Appellee Bayview Loan Servicing, LLC ("Bayview"), its law firm Schiller, Knapp, Lefkowitz, & Hertzel LLP, and Samantha Dickie, a notary (collectively, "Defendants"). Farzan alleged that Defendants forged various documents relating to his mortgage. The USBC dismissed Farzan's Adversary Complaint under the *Rooker-Feldman* doctrine, holding that it cannot hear cases that are essentially appeals from state court judgments. Thereafter, Farzan also filed a failed motion before the USBC seeking multiple forms of relief, including recusal of the Hon. Christine Gravelle, U.S.B.J., an order vacating the USBC's prior Order, and to stay the sheriff's sale. The question on appeal is whether the USBC's denial of that relief was proper. For the following reasons, the Court **AFFIRMS** the USBC's Order.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      The underlying facts of this case have been well documented in prior Opinions of the USBC, this Court, and the Third Circuit. *See Farzan v. Bayview Loan Servicing, LLC*, 20-03330, 2021 WL 613843, at *7 (D.N.J. Feb. 17, 2021), *aff'd sub nom. In re Farzan*, 21-1334, 2021 WL 4075750 (3d Cir. Sept. 8, 2021). To summarize, on February 14, 2005, Farzan executed a mortgage

for the property located at 23 Twin Terrace, Holmdel, New Jersey (the "Property"), with American Mortgage Network, Inc., in the amount of $359,650. In 2009, Mortgage Electronic Registration Systems, Inc., a nominee of American Mortgage, assigned the note to J.P. Morgan Chase, which then assigned it to Bayview in 2014. Bayview and Farzan executed a loan modification in 2015. Still, the loan went into default, and in 2016, Bayview initiated a foreclose action in Superior Court, Monmouth County, Chancery Division.

Farzan contested the foreclosure action. In his state court Answer, he contended that the assignments were "fraudulent," the signatures on them were forged, the signatories lacked the authority to execute them in any event, Bayview could not foreclose because it did not possess the original mortgage note, and he never agreed to the modification. Bayview moved for summary judgment in January 2017, which the court granted, notwithstanding the fact that J.P. Morgan Chase lost the note. Then, for the better part of two years, Farzan filed numerous appeals, dismissal motions, removal motions, and motions for a stay, as well as a separate federal action against J.P. Morgan Chase, all of which rehashed the contentions in his Answer. None was successful. The state court entered final judgment on September 3, 2019.

On October 10, 2019, before the state court deadline to appeal the judgment, Farzan filed for Chapter 13 bankruptcy. *See* Case No. 19-29256, ECF No. 1. In connection with that petition, on November 4, 2019, he filed an Adversary Complaint challenging the authenticity of the 2009 and 2014 assignments, and the 2015 loan modification. *See* Case No. 19-02228, ECF No. 1. In short, as Farzan has maintained since the beginning, Bayview has no standing to foreclose because of the allegedly forged or fraudulent documents, which he claims he never signed, and he has no obligation to pay the mortgage or judgment. Bayview moved to dismiss, and, in an oral decision, the USBC "dismiss[ed] the complaint ... based on ... the *Rooker-Feldman* doctrine that says that [federal courts] can't do anything about facts and issues that were presented before a State court that the State court has decided already." Unsatisfied with the outcome, Farzan appealed and this Court affirmed the USBC's Order granting the motion to dismiss based on the *Rooker-Feldman* doctrine ("First Bankruptcy Appeal"), *Farzan*, 20-03330, 2021 WL 613843, at \*7, which was affirmed by the Third Circuit.

Thereafter, Farzan filed a motion seeking multiple relief, which was heard by the USBC on May 20, 2022. Specifically, Farzan sought the recusal of Judge Gravelle, asked the USBC to vacate its prior order, and requested a stay of the sheriff's sale then scheduled for May 31, 2022. On May 20, 2022, the USBC denied Farzan's motion, and he now appeals that Order.

II. **STANDARD OF REVIEW**

The standard of review when reviewing a bankruptcy court's decision is determined by the nature of the issues presented on appeal. A bankruptcy court's legal determinations are reviewed *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *See In re Am. Classic Voyages Co.*, 405 F.3d 127, 130 (3d Cir. 2005) (citing *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116, 122 (3d Cir. 1999)). The bankruptcy court's determination regarding the existence of excusable neglect is reviewed for abuse of discretion. *Jones v. Chemetron Corp. ("Chemetron II")*, 212 F.3d 199, 205 (3d Cir. 2000) (citing *In re Vertientes*, 845 F.2d 57, 59 (3d Cir. 1988); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246

2

F.3d 315, 320 (3d Cir. 2001)). Abuse of discretion exists when a bankruptcy court's ruling is "founded on an error of law or a misapplication of law to the facts," *In re O'Brien*, 188 F.3d at 122. It also occurs when the court's action was "arbitrary, fanciful or clearly unreasonable." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408 (3d Cir. 2002) (citations and quotations omitted).

### III.  DISCUSSION

#### A.  Motion to Recuse

First, Farzan appeals the USBC's denial of his request to recuse Judge Gravelle. Specifically, Farzan claims that Judge Gravelle denied him an opportunity to face his accuser and violated his due process and equal protection rights.

There are two principal statutes addressing recusal of a federal judge, 28 U.S.C. §§ 455 and 144. Under 28 U.S.C. § 455(a), a judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The Third Circuit has held that "[t]he test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (quoting *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2003)). Similarly, under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." *Ali v. United States*, No. 14-7723, 2015 WL 6502108 at *1 (D.N.J. Oct. 27, 2015) (quoting *Frolow v. Wilson Sporting Goods Co.*, No. 05-04813, 2011 WL 1337513 at *2 (D.N.J. Apr. 7, 2011) (citation omitted); *Kilkeary v. United States*, No. 12-2781, 2015 WL 3798061, at *4 (D.N.J. June 18, 2015)).

Here, Farzan provides no evidence of either basis for recusal. To be clear, he does not argue that Judge Gravelle is partial or that she possesses a personal bias or prejudice against him or any adverse party in the case. Rather, Farzan claims only that Judge Gravelle wrongly denied him an opportunity to face his accuser in violation of his constitutional rights. To the extent that Farzan disagreed with the USBC's legal ruling in this regard, however, his recourse was to appeal—not to seek recusal of Judge Gravelle. Indeed, Farzan appealed the USBC's underlying decision, which this Court and the Third Circuit affirmed. *See Farzan v. Bayview Loan Servicing, LLC*, 20-03330, 2021 WL 613843, at *1 (D.N.J. Feb. 17, 2021), *aff'd sub nom. In re Farzan*, 21-1334, 2021 WL 4075750 (3d Cir. Sept. 8, 2021). Without any evidence of partiality or bias, Judge Gravelle's recusal is clearly not warranted. Thus, the USBC's denial of Farzan's motion to recuse Judge Gravelle is affirmed.

#### B.  Motion to Vacate

Next, Farzan submits that the USBC erred in denying his request to vacate the Order dated May 27, 2020 ("May 27th Order").[1] The May 27th Order denied Farzan's motion to disallow

---

[1]  The Court also notes that Farzan's appeal claims to challenge the USBC's Order dated May 4, 2022, which denied his request to stay a sheriff's sale of the Property. Farzan's brief filed in support of his

Bayview's secured claim. In that motion, Farzan contested Bayview's standing to foreclose. However, in the May 27th Order and Opinion, the USBC found that the *Rooker-Feldman* doctrine deprived it of jurisdiction.[2] Specifically, the USBC found that the state court had already decided that Bayview maintained standing, and therefore, it could not conduct a second review. In support of that same motion to disallow Bayview's claim, Farzan also argued that the *Rooker-Feldman* doctrine did not apply because Bayview committed fraud and forgery in the foreclosure process. The USBC disagreed. The court noted that the state court considered such an argument, and it found that no evidence of such conduct existed. In sum, the USBC recognized that (1) Farzan had a Judgment of Foreclosure entered against him in state court, (2) Farzan claimed that the foreclosure was wrongful based on improperly authenticated assignments, (3) the Judgment of Foreclosure was entered in 2019—one year prior to his motion to disallow Bayview's secured claim—and (4) Farzan filed the motion to disallow Bayview's proof of claim in an effort to invalidate the state court judgment.

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see* Fed. R. Bankr. P. 9024 (providing that, with limited exceptions, Rule 60 applies in cases under the Bankruptcy Code).

Here, Farzan's underlying motion to vacate and the instant appeal simply rehash the same arguments asserted in his motion to disallow Bayview's claim. Indeed, neither Farzan's underlying motion to vacate nor the instant appeal identify the basis to vacate the May 27th Order under Rule 60(b). To the extent that the underlying motion and this appeal reference fraud, I emphasize that Farzan merely relies on the same arguments that were rejected in connection with his First Bankruptcy Appeal, *i.e.*, that Bayview's proof of claim is invalid because it was based on fraudulent or forged documents. Indeed, in the First Bankruptcy Appeal, Farzan argued that

---

appeal, however, provides little discussion of this portion of his appeal—and certainly provides no basis to vacate the May 4th Order. Nonetheless, I find that the USBC correctly found that Farzan failed to satisfy the requirements for a stay, because he could not show a likelihood of success on the merits.

[2] It is undisputed that the *Rooker-Feldman* doctrine deprives bankruptcy courts and district courts of subject matter jurisdiction over suits that are essentially appeals from state court judgments. *In re Philadelphia Entertainment & Development Partners, LP*, 879 F.3d 492, 498 (3d Cir. 2018) (citing *Great Western Mining and Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine has four elements: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state court judgment. *In re Philadelphia Entertainment & Development Partners, LP*, 879 F.3d 492, 498, 500 (3d Cir. 2018).

Bayview had no right to foreclose on his home because it had no right to collect on the note, and it had no right to collect on the note because every link in the chain of assignments is fraudulent, including apparently the documents he signed modifying the loan in 2015. This Court, however, rejected those arguments by affirming the USBC's application of the *Rooker-Feldman* doctrine. In that connection, I noted that Farzan was clearly attempting to "change the state court result" through the bankruptcy action. Put simply, the state court determined that Bayview owns the mortgage, Farzan owes Bayview over $500,000, and foreclosure proceedings must commence without any additional delays.

Further, as to mistake, it appears that Farzan takes issue with the USBC's description of the state court foreclosure judgment as a "final judgment." According to Farzan, this classification is incorrect because he has a right to appeal the judgment. The USBC's May 27th Opinion considered the Third Circuit's decision in *Malhan v Secretary United States Department of State*, 938 F.3d 453 (3d Cir. 2019), which addressed which state court decisions constitute a "judgment" under *Rooker-Feldman*. Specifically, the Third Circuit found that three types of state court orders qualify as a "judgment." "The first is when 'the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved.' " *Malhan*, 938 F.3d at 459 (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico ("FMPR")*, 410 F.3d 17, 24 (1st Cir. 2005)). ' "The second situation is when 'the state action has reached a point where neither party seeks further action,' " such as when the time for appeal expires or when the parties voluntarily stop litigating following an interlocutory order. *Id.* (quoting *FMPR*, 410 F.3d at 24). The final situation arises "when a state proceeding has 'finally resolved all the federal questions in the litigation,' even though 'state law or purely factual questions (whether great or small) remain to be litigated.' " *Id.* at 459-60 (quoting *FMPR*, 410 F.3d at 25). Unlike in *Malhan*, where the orders were interlocutory, however, the USBC found that Bayview holds a final judgment in foreclosure. I agree. While Farzan has engaged in post-judgment motion practice, the state court denied Farzan's numerous requests for relief and discovery is closed. There will be no trial on account of the final judgment in foreclosure, and other than Farzan's right to appeal, the case has substantially ended.[3] Indeed, this Court and the Third Circuit previously found that the state court foreclosure judgment was final in affirming the USBC's dismissal of the complaint based on the *Rooker-Feldman* doctrine. In addition, as the USBC noted, the New Jersey Rules of Court do not refer to the foreclosure judgment as a mere judgment or order, but as a "final judgment." *See* N.J. Ct. R. 4:64.

Accordingly, the USBC's denial of Farzan's motion to vacate is affirmed.

### C.    Motion to Stay the Sheriff's Sale

Finally, Farzan appeals the USBC's denial of his request to stay the sheriff's sale of the Property. In support of this request, Farzan submitted a certification detailing that the sheriff's sale

---

[3]    According to Farzan, he filed a notice of appeal with the New Jersey Appellate Division on April 5, 2022; however, the status of that appeal is unclear. I note that New Jersey Court Rule 2:4-1 (a) requires appeals from final judgments in civil cases to be taken within 45 days of the entry of final judgment. Given that the judgment of foreclosure was entered on September 3, 2019, it would appear that Farzan's appeal is untimely unless granted further relief from the Appellate Division. Nonetheless, Farzan's appellate rights in this situation does not make the state court foreclosure judgment any less final.

was scheduled on May 2, 2022, and that he had filed two motions in his state court foreclosure case to vacate the Writ of Execution.[4] Farzan further stated that he had requested a stay from the Appellate Division, which was denied, and submitted a copy of the Order confirming his Chapter 13 bankruptcy plan.

In determining whether a stay is warranted, courts apply a similar standard used for preliminary injunctions: (1) "the stay applicant has made a strong showing that [it] is likely to succeed on the merits"; (2) "the applicant will be irreparably injured absent a stay"; (3) "issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) the public interest weighs in favor of a stay. *S.S. Body Armor I, Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 771 (3d Cir. 2019) (citations omitted).

Here, Farzan presented no evidence to justify the issuance of a stay by the USBC, and therefore, I do not find that the court abused its discretion in denying his request. Specifically, although a sheriff's sale of the Property would result in substantial harm to Farzan because the Property is his residence, he cannot satisfy the likelihood of success on the merits requirement. In that regard, the USBC correctly noted that no court, including this Court, the Third Circuit, or any state court, found any basis for relief from the Final Judgment of Foreclosure. Rather, in the First Bankruptcy Appeal, I noted that Farzan had contested the foreclosure action for "the better part of two years," but the state court entered final judgment on September 3, 2019, and at a hearing on January 28, 2020, before the USBC, Farzan "admitted that he had already litigated the foreclosure in state court, […] and did not have an appeal pending there." Thus, because Farzan merely used the bankruptcy process to challenge the foreclosure, I agree with the USBC's finding that the state court, not the USBC, is the proper venue for Farzan's request for a stay. Critically, as represented by Bayview's counsel in connection with this motion, Farzan followed the USBC's recommendation, and requested a stay of the sheriff's sale in state court. This request was granted, and the sheriff's sale for the Property is now scheduled for February 6, 2023.

## IV.    **CONCLUSION**

For the reasons set forth above, the Court **AFFIRMS** the USBC's Order denying Farzan's motion to recuse Judge Gravelle, vacate the USBC's prior Order, and to stay the sheriff's sale of the Property.[5]

---

[4] These motions were later denied by the state court.

[5] On December 29, 2022, Farzan filed an "emergent motion to grant a speedy hearing based on Rule 57 under 28 USC 2201." ECF No. 21. In light of the Court's decision on Farzan's appeal, that application is denied as moot. On January 13, 2023, Farzan also filed a letter asking the Court to take judicial notice that his name purportedly appears on the "Group 3 List." ECF No. 22. While scant information is provided about the "Group 3 List," Farzan claims that this document is a "list of fraudulent foreclosure complaints filed by the top six mortgage servicers," and that the list was filed in 2010 on the state court docket F-059553-10. In addition to providing minimal information or context regarding the "Group 3 List," however, Farzan also includes only an excerpt of what he describes as a "soft copy" of the list. Without the complete and final list, the Court is incapable of granting his request for judicial notice. Moreover, even if the Court possessed the complete and final copy of the list, and Farzan's statements about the contents of the "Group 3 List" were true, that would not change the outcome of his instant appeal. Indeed, Farzan admits that this supposed list has been in existence since 2010—approximately nine years prior to Farzan filing for Chapter 13 bankruptcy. As such, it would not constitute newly discovered evidence.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge