Official Form 417A (12/18)

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

*19-29256*

2023 MAR -2 P 1: 02

JEANNE A. HAUGHTON

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION *(Hancock)*

DEPUTY CLERK

## Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s): **Reza Farzan**

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ❑ Plaintiff | ☒ Debtor |
| ❑ Defendant | ❑ Creditor |
| ❑ Other (describe) _____ | ❑ Trustee |
| | ❑ Other (describe) _____ |

## Part 2: Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from:  **Orders of 11/16/22 and 2/15/23 read into the microphone during court hearings**

2.  State the date on which the judgment, order, or decree was entered:  **11/16/22 and 2/15/23**

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: **Bayview Loan Servicing LLC**    Attorney: **Richard Gerbino**
    **SKLH**
    **95 Mt. Bethel Road, Suite 200,**
    **Warren, New Jersey 07059**

2.  Party: **Nationstar Mortgage LLC**    Attorney: **Gregg Tabakin**
    **FSKS**
    **7 Centry Drive 2nd Floor**
    **Parsippany NJ 07054**

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel. **I do not want Judge Frida Wolfson to hear this case because she is biased against me. I do not want Judge Michael Shipp to hear this case because of conflict of interests. He is heavily invested in bank stocks.**

## Part 5: Sign below    **I do not want a biased judge to hear this case.**
**I do not a judge who is invested in bank stocks to hear this case.**

Date: __3/2/2023__

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
__Reza Farzan__

__23 Twin Terrace Holmdel NJ 07733__

__732-778-5047__

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

x- - - - - - - - - - - - - - x
IN THE MATTER OF:                    . Case No. 19-29256(CMG)
                                     . Chapter 13
REZA FARZAN,                         . Trenton, New Jersey

        Debtor,                      . November 16, 2022
- - - - - - - - - - - - - - - .

TRANSCRIPT OF PARTIAL VIRTUAL HEARING
BEFORE THE HONORABLE CHRISTINE M. GRAVELLE
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                 REZA FARZAN, Pro se

For secured creditor:       SCHILLER KNAPP
                            BY:  RICHARD GERBINO, ESQ.
                            95 Mount Bethel Road
                            Warren, NJ 07059

Chapter 13 Trustee:         ALBERT RUSSO, ESQ.
                            3 AAA Drive., Suite 203
                            Robbinsville, NJ  08691

ECRO Operator:              Rachel Stillwell

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**TRACY GRIBBEN TRANSCRIPTION, LLC**
**PO BOX 688**
**Middletown, NJ 07748**
**800 603-6212**
**(732) 263-0044    Fax No. 732-865-7179**
www.tgribbentranscription.com

*on the ground the court lacks Jurisdiction to adjudicate this matter. This court, through reference from the district court, has "original but not exclusive jurisdiction of all civil proceedings arising under title n, or arising in or related to cases under title 11." 28 U.S.C.A. § 1334(b) (Law.Coop. Supp. 1999). "Bankruptcy judges may hear and determine all cases under title 11 "'577 and all core proceedings arising under title u, or arising in a case under title u, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C.A. § 157 (Law. Co-op. 1988). "Core proceedings include, but are not limited to ...(K) determinations of the validity, extent, or priority of liens .... " 28 U.S.C.A. § 157(b)(1) (Law. Co-op 1988)."*

10. Bayview never proved Article III Injury in fact; Nationstar never proved Article III in fact. Bayview and National never had constitutional standing against standing to have a claim against me. This USBC never had jurisdiction over Bayview's claim and Bayview's transfer to Nationastart. This case law is an example that the Article III standing is universal on all claims including claims in US Bankruptcy Courts. IN RE: TRANSCARE CORP., et al., Debtors. United States Bankruptcy Court, S.D. New York. Signed October 18, 2018. ***"The party invoking federal jurisdiction bears the burden of establishing its standing. Lujan v. Defenders of Wildlife,. 504 U.S. 555, 560-61, 112***

4

2

1                          I N D E X

2

3

4    ORAL ARGUMENT                  PAGE

5          BY MR. FARZAN            4/21

6          BY MR. RUSSO             19

7    DECISION                       25

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    ***Transcriber Note:   Telephone connections unclear.

25    Indiscernibles in transcript.

extensively. Most of the times I have difficulty reading and understanding long and complex case laws.

6. I demand that this court takes judicial notice of my Affidavit, attached to my brief, I explained relevant facts regarding the POC, the documents submitted by Bayview as facts and evidence, the affidavit of my expert witness Joseph Esquivel, and my interactions with RightPath Servicing (RightPath).

7. In this memorandum of law I will clarify the facts and my understanding of the laws and case laws and why this very court must grant the reliefs that I requested in my notice of motion.

## I REQUEST THAT HON. CHRISTINE GRAVELLE RECUSE HERSELF FROM THIS CASE

8. For the first time, on 5/10/22, I respectfully requested that Hon. Christine Gravelle recuse herself from this case for the following reasons stated in numbered paragraphs.

9. On 1/28/20, 3/10/20, 5/27/20, and 5/19/20 she denied jurisdiction and denied me justice based on the Rooker-Feldman Doctrine and used the alleged final judgment of the state trial court as the final judgment of the NJ Judiciary. She refused to allow my expert witness to testify to his affidavit of 3/29/2020 (Exhibit 2). In re Gold United States Bankruptcy Court, D. Massachusetts Apr19,2000 247 B.R. 574 (Bankr. D. Mass. 2000). *"The Defendants request dismissal first*

3

3

1              THE COURT: Mr. Farzan is in Court, and we are -- Mr.

2     Farzan do you want to enter your appearance for me please.

3              MR. FARZAN: Your Honor, I'd like to be sworn in,

4     because I'd like to testify on my own behalf, based on my First

5     Amendment and you know, present evidence to the record.  I have

6     a fact witness here, he is, because I have disability he will

7     read the exhibits for you.

8              THE COURT:   And the fact witness is?  Do you want to

9     introduce yourself.

10             MR. FARNIA: Sure, my name is Emilio Farnia and he

11    asked me to be a witness, a fact witness for him.

12             THE COURT: And what is it, what facts did you

13    witness?

14             MR. FARNIA: He asked me to have, to read the

15    documents on the docket.

16             THE COURT: All right, you are not, you are not a

17    witness to anything.  You are simply assisting Mr. Farzan by

18    reading something for him, is that what you are doing?

19             MR. FARNIA: Both.  I'm here as a witness, I'm also

20    here to assist him, but I would, because I have personal

21    knowledge, what he showed me documents that he wants me to read

22    and make sure he's verbally clear.

23             THE COURT: What you are familiar with is the fact

24    that you've seen documents that Mr. Farzan has sent --

25             MR. FARNIA: Yes.

## INTRODUCTION

1. My name is Reza Farzan. I am the Pro Se Debtor in this Bankruptcy Chapter 13 case. I am writing in support of my motion for reconsideration and to grant the following reliefs:

   a) Request that Hon. Christine Gravelle recuse herself from this case
   b) Allow me to subpoena Attorney Jenelle Arnold, Attorney Denise Carlon, and Attorney Richard Gerbino
   c) Allow me to testify on my own behalf under oath
   d) allow my fact witness, Emilio Farina, to testify under oath on the facts that Bayview submitted under POC on 3/5/20 and the transfer form of 9/6/22
   e) allow my expert witness, Joseph Esquivel, to testify to his affidavit of 3/29/20
   f) compel Bayview and Nationstar to reveal the owners of the note and servicers of the mortgage before and after the transfer of 9/6/22
   g) vacate the POC filed on 3/5/30
   h) stop the alleged transfer filed on 9/6/22

2. I am 73 years old with multiple medical conditions. I cannot work for long hours and I need to take frequent breaks, otherwise I space out and get confused. I need to review my work at least twice to catch the most obvious errors.

3. I belong to several NJ and US protected classes. In late 2015 Social Security Administration declared me disabled and awarded me disability benefits.

4. English is not my native language; I try to make my points in simple and short English statements. I try to avoid long sentences and long documents.

5. I have no training in law. When I have to read and understand a legal document I use Google search and Google Scholar

4

1          THE COURT:  -- has given to you?

2          MR. FARNIA: Yes, I'm sorry Your Honor.

3          THE COURT: All right, so that's not a fact witness,

4   but I understand what you are saying.

5          MR. FARNIA: No, no, maybe you misunderstood me, I'm

6   sorry.  I have personal knowledge of the documents that are on

7   this docket that he showed me and I witnessed that are --

8          UNIDENTIFIED: Sorry to interrupt (indiscernible)

9          THE COURT: Okay, I was going to ask that -- before we

10  start, I mean before I follow up on this, I'm sorry Mr. Farino

11  let me ask Mr. Gerbino to enter his appearance because he's on

12  the court solutions call.

13         MR. FARNIA: Sure, I know Mr. Gerbino.

14         MR. GERBINO: Good afternoon, Your Honor, Richard

15  Gerbino Schiller Knapp Lefkowitz Hertzel for the creditor.

16         THE COURT: Thank you.  And Mr. Russo, do you want to

17  enter your appearance?

18         MR. RUSSO: Albert Russo, Chapter 13 Trustee.  The

19  plan has been completed so we are just here for (indiscernible)

20         THE COURT: Understood.  So let me -- we have to speak

21  into the microphone, because the people that are on the

22  telephone aren't going to be able to hear us.  They can hear

23  me, because I have a microphone right in front of me.  But you

24  guys will have to be --

25         MR. FARZAN: Sure.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Reza Farzan
23 Twin Terrace
Holmdel NJ 07733
732-772-3461
Raymondfarzan@gmail.com

In Re:

Reza Farzan Pro Se Debtor

Case No.:       19-29256-CMG

Chapter:       13

Adv. No.:

Hearing Date:  1/4/23

Judge:  Hon. Christine M. Gravelle

Memorandum of Law

PRO SE DEBTOR MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR

RECONSIDERATION AND TO GRANT MULTIPLE RELIEFS

5

1    THE COURT: Yes.  So let me just start this by saying,

2    you heard that Mr. Farzan that your plan is completed.  Your

3    Chapter 13 plan is completed and the only issue that we have

4    today is your motion to disallow the debt transfer, right.  The

5    claim of the secured creditor was assigned to another entity

6    and you've objected to that?

7    MR. FARZAN: Yes.

8    THE COURT: Okay.  So Mr. Gerbino and Mr. Russo, Mr.

9    Farzan has asked me to swear him in because he'd like to

10   testify as to facts that are apparently relevant to this

11   motion.  I'm not quite sure how, but we can explore that, I

12   guess.  And he has brought along with him, Emilio Farino who

13   is explaining that he is assisting Mr., -- he's been asked to

14   assist Mr. Farzan because Mr. Farzan is disabled and Mr. Farino

15   has been asked to read some of the documents that Mr. Farzan

16   has brought in with him.

17   MR. GERBINO:  Your Honor, if I may, I would object to

18   any testimony by this other witness.  I don't know who he is.

19   I don't know if he intends on rendering an opinion.  I have not

20   been appraised post any intent to bring a witness.  As far as I

21   was aware this was just as, Your Honor stated a motion to set

22   aside the transfer order, prohibit the transfer of servicing

23   rights.

24   THE COURT: Right.  So my understanding and Mr. Farino

25   can correct me if I'm wrong is he's not testifying as to

6

1   anything he's merely assisting Mr. Farzan by reading a

2   document.   Correct?

3        MR. FARNIA: Yes, I'm witnessing that he is here to

4   ask me to read documents and bring them into testimony into the

5   record.   Yes.   And I think he said he wants to be sworn in

6   before we go further, I think.

7        THE COURT: He did say that.   I don't think that that

8   is necessary.   I mean if I get to a point where I feel like the

9   testimony needs to be sworn, and that it's even relevant to

10  this motion, I would be happy to swear you in Mr. Farzan, but

11  tell me first what -- explain to me why you think that the

12  claim cannot be assigned to another entity.

13       MR. FARZAN: Your Honor, as I said it's my

14  constitutional right to be sworn in because this is -- this is

15  about my house.   Bayview filed forged documents into this --

16       THE COURT: Hang on a second, Mr. Farzan.   Can you

17  hear him Mr. Russo and Mr. Gerbino?

18       MR. FARNIA: I can repeat -- He's saying -- I'm sorry

19  do you want me to repeat --

20       UNIDENTIFIED: (indiscernible)

21       MR. FARNIA: He's saying that --

22       THE COURT: Mr. Farzan why don't you try coming up to

23  the podium here.

24       MR. FARNIA: He's having trouble with his speech --

25  I'll just read, what he's saying is he wants to be sworn in --

1   his first amendment right to redress also petition the

2   Government before he goes any further.

3          THE COURT: You don't have a Constitutional right to

4   be sworn in, in order to tell me what your objection is to the

5   transfer of the document, transfer of the claim.  So I just

6   want you to give me a basis of why you are objecting to the

7   claim being transferred to a different entity.

8          MR. FARZAN: Your Honor, NationStar wrote a letter to

9   me and claimed that the American Mortgage Network, originated

10  the loan in 2005 but also they claim that Freddy Mac is the

11  original creditor to this loan.  And Bayview has had multiple

12  pleadings that they own the loan or Chase own the loan or

13  Freddy Mac owned the loan.  But there's no Freddy Mac is not on

14  any of the documents that presented by Bayview.  I want to go

15  through the documents and show you that these documents do not

16  have Freddy Mac at all, and if Freddy Mac was the original

17  creditor then the documents that was filed under proof of claim

18  were wrong because there's no Freddy Mac in there.

19         THE COURT: That won't be necessary Mr. Farzan,

20  because Bayview has assigned their claim to NationStar.  I

21  don't see any reason why they cannot do that.  It's a business

22  decision to make, it's the -- the claim has been assigned.  The

23  claim that's been assigned it, -- it can't be expanded or

24  contracted based on an assignment.  It is what it is.  And I've

25  already decided the issues that you brought up about Bayview.

8

1    I've decided it and a number of courts have decided it.   So

2    those decisions go to NationStar as well.   Nothing changes with

3    the Bayview loan or the status of the Bayview loan.   NationStar

4    has what it's been assigned that's it.   No more, no less.

5            So I don't need to go back over what your problems

6    are with the Bayview loan.   I understand what your arguments

7    are, because I've heard them a number of times.   And the

8    district court has heard it a number of times and I believe the

9    court of appeals heard it a number of times.   So we don't need

10   to go over those again.   This is simply what I want to hear is

11   why you think that Bayview cannot assign its claim to another

12   entity, in this case NationStar.

13           MR. FARZAN: Bayview does not have a claim against me.

14           THE COURT: But that's already been decided Mr.

15   Farzan.   I know you don't agree with my decision or with any

16   other decision of any other court, but I'm not sure what I can

17   do for you about that.

18           MR. FARZAN: You can allow me to testify and put these

19   exhibits on the record in my case.

20           THE COURT: No, I'm not going to allow you to do that.

21   I've allowed you to do this many times before and I'm not going

22   to allow you to do it, simply because you don't want a claim

23   transferred.   It doesn't have anything to do with the transfer

24   of the claim, it's not relevant.

25           MR. FARZAN: Well, I can question fraud any time, Your

1   Honor, in this --

2               THE COURT: And you have, --

3               MR. FARZAN: Okay.

4               THE COURT: -- you have questioned fraud many times,

5   and I've listened to it, and I've ruled on it.  As has other

6   courts, so I'm not going to rule on it again, I'm not going to

7   listen to it again.  This is not the, this not, there is no

8   grounds to do that in this hearing.  This hearing is simply

9   whether or not NationStar is allowed to take, to buy a claim or

10  take an assignment of a claim from Bayview.

11              MR. FARZAN: I want to appeal your decision, Your

12  Honor.

13              THE COURT: Okay.  You are certainly have every right

14  to do that and you know, I welcome that really.  I understand

15  that this is a very difficult situation for you Mr. Farzan, and

16  I can see that you are suffering from it.

17                        (Pause)

18              MR. FARNIA: I just want to make sure, he's not being

19  --

20                   (Farina/Farzan consulting)

21              THE COURT: Mr. Farina.

22              MR. FARNIA: Yes.

23              THE COURT: I understand what Mr. Farzan has told you

24  and I'm telling him that all of the documents that he's shown

25  you, that what's he's told you about the note, what he's told

10

1   you about the complaints and what's wrong with it, he's also

2   told me and submitted those documents to the Court on a number

3   of occasions.  I've reviewed everything, I've listened to Mr.

4   Farzan's arguments on it.  I've listened to Mr. Gerbino's

5   argument on it, and I've ruled in favor of Mr. Gerbino.  So you

6   may be curious to know, to go back over the past bankruptcies

7   that Mr. Farzan has filed and look at the dockets, because this

8   isn't the place to do this, right now.

9           MR. FARNIA: I understand.

10          THE COURT: It's been done.  And it's been appealed.

11  So he can certainly appeal my ruling today on whether or not

12  the claim can be assigned.

13          MR. FARNIA: I think, what he is saying to me is, he

14  is here on his First Amendment to redress and also petition the

15  Government that he's saying he has a document now that you've

16  shown that hasn't been presented and the bottom line is -- you

17  said the loan but you weren't specific on the document.  You

18  said the loan or you said something, but I think he's being

19  specific on the note.  The only thing that gives a claim for

20  him, the only thing that gives anybody a claim is a note,

21  right, from what he is telling me.

22          THE COURT: Mr. Farina?

23          MR. FARNIA: Yes.

24          THE COURT: Are you an attorney?

25          MR. FARNIA: I've been called worse than that, but I'm

1    not an attorney no.  I'm only kidding --

2                THE COURT: A used car salesman perhaps.

3                MR. FARNIA: No, that's even worse

4                      (laughter)

5                THE COURT: I mean, because you are not really, you

6    are not allowed to appear on behalf of someone else and make

7    arguments, legal arguments on their behalf.  It's the

8    unauthorized practice of law.  I understand that you are

9    sympathetic to Mr. Farzan and that you seem to think that there

10   is a problem here.

11               MR. FARNIA: No, just to clear the record, he's from

12   what I saw driving here, and coming up the stairs I'm just

13   concerned about his health that's all I'm saying.  And then

14   from what he told me coming here, I've personal knowledge I

15   think I'm the only person that has personal knowledge right now

16   what's happened and what he told me now he's pausing and that

17   wasn't the same person that's been coming up and every minute

18   it's getting a little bit different.  So I'm just concerned

19   about him.  That's all.  And I think --

20               THE COURT: I'm glad that you are here, --

21               MR. FARNIA: And I'm here as a witness because --

22               THE COURT:  -- I'm glad that you are here to help him

23   out.

24               MR. FARNIA:  -- yeah and he's an older gentleman,

25   he's handicap and what he's standing on is his First Amendment

12

1   right, and I think he said it, but nothing has been taken here,

2   so I don't know what exactly I'm witnessing here --

3            THE COURT: Right, all right, so I'm going to -- I'm

4   certainly willing to listen to you and I've listened to you.

5   The claim of a First Amendment right doesn't make any sense

6   here, okay.  Because Mr. Farzan has every right to pursue his

7   rights and privileges in this Court, which he has done.  He has

8   done that in this Court, he has done that in State Court, he

9   has done that in the District and Appellate Courts, okay.

10  Those are his rights.  He doesn't have a constitutional right

11  to just come into court and say whatever he wants to say there

12  are rules here.  Right?  So I'm enforcing the rules, I'm going

13  to read my decision on this motion into the record.  I wanted

14  Mr. Farzan, I wanted to give Mr. Farzan an opportunity to tell

15  me why the claims shouldn't be assigned.  He wants to go back

16  to the problems with the Bayview Loan, that's not relevant,

17  it's already been decided.  So I'm going to read this, my

18  decision into the record and then you'll be able to -- Mr.

19  Farzan you will be able to appeal that.  And Rachel if you

20  would mark it, decision so it will be easier for you to access

21  Mr. Farzan, for you, for the next step.

22            So since the inception of this bankruptcy case in

23  2019 Mr. Farzan has contested the validity of a mortgage lien

24  against his property located at 23 Twin Terrance Holmdel New

25  Jersey, which I'm going to refer to as the Property.

13

1      You can sit down Mr. Farzan if you are more

2  comfortable.

3      So Mr. Farzan contests the validity of the Mortgage,

4  despite the existence of a final judgment in foreclosure

5  against the property.  In the bankruptcy case the issue has

6  resulted in three unsuccessful appeals and one pending appeal,

7  all based on similar theories relating to the standing of the

8  holders purported maladies in the assignments of the debt

9  instruments.

10      In the present matter, Mr. Farzan objects to a debt

11  transfer of the secured claim from Bayview Loan Servicing LLC

12  to NationStar Mortgage LLC.  Because he has presented no valid

13  arguments relating to the transfer at issue and instead

14  choosing to revisit those positions regarding the validity of

15  the note and mortgage, which arguments have already been

16  rejected, this objection must be denied -- or the motion to

17  disallow the debt transfer must be denied.

18      Parties are familiar with the factual history

19  relating to the mortgage loan transaction which has been

20  detailed in this Court's decisions at ECF filing, -- ECF 54 and

21  ECF 121.  Those decisions are incorporated herein and the

22  history need not be repeated once again in any great detail.

23  To briefly summarize Mr. Farzan has extensively litigated the

24  enforceability of the note and mortgage securing the property

25  in both the State and Federal Courts.  In his bankruptcy case,

14

1    -- in this bankruptcy Bayview filed proof of claim 2-1 in the

2    amount of $596,486.17 as being secured by the property.   Mr.

3    Farzan challenged the claim by filing both an adversary

4    proceeding against Bayview, that's adversary proceeding number

5    19-2228 as well as a motion to disallow the proof of claim and

6    I refer you to ECF number 46.   In turn Bayview filed a motion

7    for relief from stay at ECF 48.

8           The adversary proceeding was dismissed upon Bayview's

9    motion.   Mr. Farzan appealed the decision to both the District

10   Court and the Third Circuit with the Third Circuit affirming

11   the dismissal on the basis that his claims were barred by the

12   entire controversy doctrine and res judicata.   I refer you to

13   In Re: Farzan 2021 West Law, 407, 5750 it's a Third Circuit

14   decision that was entered on September 8th, 2021.

15          This Court similarly granted Bayview's motion for

16   relief from stay and denied Mr. Farzan's claim objection.   Mr.

17   Farzan again appeal those decisions.   The District Court

18   dismissed the appeals on procedural grounds which dismissal was

19   affirmed by the Third Circuit and that's In Re: Farzan 2022

20   West Law, 1238354.   That's a Third Circuit decision entered on

21   April 27th, 2022.   During that time with the automatic stay

22   having been lifted and no stay pending appeal having been

23   granted, State Court foreclosure judgment became a final

24   judgment.

25          After the Covid moratorium on foreclosure sales in

1    New Jersey was lifted the property was scheduled for sale which

2    lead to a new state of litigation.  Mr. Farzan came before the

3    Bankruptcy Court seeking a stay of the Sheriff's sale which was

4    denied, that's at ECF 102 and 110.  Less than one week later he

5    filed a similar motion seeking the multiple reliefs of vacating

6    the orders, granting stay relief and denying the claim

7    objection, staying the Sherrif's sale and calling for my

8    recusal.  That's at ECF 112.

9         The Motion was based on the same underlying legal

10    theories underpinning his prior attacks on the validity of the

11    mortgage documents.  The motion was denied and that order has

12    since been appealed and is now pending before the District

13    Court.  On November -- on September 6th of this year,

14    NationStar filed a transfer of claim that's ECF 140 which

15    triggered a corresponding notice of transfer of claim which

16    appears at ECF 141.  On September 26th 2022 Mr. Farzan filed

17    the present motion through which he seeks various reliefs.

18         The primary relief appears to be the disallowance of

19    the debt transfer and the removal of the proof of claim.

20    Additionally, Mr. Farzan seeks the restoration of his

21    constitutional rights, the introduction of testimony from an

22    expert witness and additional discovery.  NationStar has filed

23    opposition.

24         And I believe Mr. Farnia, you are not -- and you

25    readily admit you are not an expert witness --

16

1          MR. FARNIA: Not an expert --

2          THE COURT: And I think we understand that you are not

3     even a fact witness but you are assisting Mr. Farzan in the

4     case that he needed assistance in reading documents into the

5     record.

6          MR. FARNIA: No, I am a fact witness to what he's

7     showing me through the dockets and that he's shown me dockets

8     that MERS has no -- has been res judicata out.

9          THE COURT: Right, well if that's your definition of

10    fact witness, I'm a fact witness to that too, so he's got fact

11    witnesses here that see the documents and have seen the

12    documents that he has filed with the Court and shown.

13         Federal Rule of Bankruptcy Procedure 3001 controls

14    proofs of claim filed in Bankruptcy cases.  With regards to

15    transfers of secured claims after the filing of a proof of

16    claim the rule provides that after the filing of such a

17    transfer the clerk shall immediately notify the alleged

18    transferor by mail of the filing of the evidence of the

19    transfer and objection thereto, if any, must be filed within 21

20    days of the mailing of the notice or within any additional time

21    allowed by the Court.  If a timely objection is filed by the

22    alleged transferor, the Court after notice and a hearing shall

23    determine whether the claim has been transferred for security.

24    And that's Federal Rule of Bankruptcy Procedure 3001(e)(4)

25         NationStar submits that by the language of the rule

17

1    only the party who filed the original proof of claim or a

2    previous transferee has standing to object to such a transfer.

3    Mr. Farzan's reply does not address this issue.  While

4    certainly a debtors a pecuniary interest gives him the ability

5    to object to claims generally, it is unclear as to whether that

6    interest extends to objecting to the transfers of otherwise

7    valid claims.

8         Despite Mr. Farzan's arguments to the contrary, the

9    law of the this case as affirmed by the Third Circuit poses

10    that the proof of claim is valid.  Ultimately the Court need

11    not resolve whether Mr. Farzan has standing to object because

12    the substance of his objection is insufficient to challenge the

13    transfer.

14         His arguments have nothing to do with the transfer

15    from Bayview to NationStar but rather relate back to issues

16    with assignments that occurred well prior to the entry of the

17    foreclosure judgment and complaints against the prior courts

18    that have ruled on the matter.  That is evidenced in his

19    request for relief.  He seeks entry of expert testimony, we

20    have clarified that, that's not what it is.  Based upon a 2020

21    affidavit, he asks to subpoena counsel for NationStar based

22    upon pleadings made in the foreclosure in 2019.  His memorandum

23    of law in support of his motion has a section dedicated to

24    purported abusese of discretion by the trial judges and

25    references State requirements to enforce a mortgage note.

18

1          His reply brief argues that the State Court lack

2     jurisdiction over the foreclosure complaint.  The time to make

3     these arguments has come and gone and has been the subject of

4     extensive litigation.  The transfer of the claim does not

5     effect the validity of the underlying judgment as litigated in

6     State and Federal Court.  It does not effect the underlying

7     validity of the proof of claim itself as that has also been

8     litigated in this Court and up to the Third Circuit.

9          For these reasons res judicata and the entire

10    controversy doctrine remain as relevant as they were, when the

11    Third Circuit issues its decision against Mr. Farzan with

12    regards to the motion to dismiss the adversary proceeding.  And

13    they issued the Third Circuit issued its decision at 2021 West

14    Law 4075750.  For these reasons Mr. Farzan's motion is denied.

15          MR. FARZAN: Your Honor, there is no note here and

16    there is no other "three injury" (phonetic) you know, Bayview

17    has no right to transfer because Bayview does not have anything

18    to transfer, there's no note.  And also --

19          THE COURT: The problem, and I think I've made it

20    clear in my decision Mr. Farzan is that, that's what you say,

21    but that's not what I say and that's not what the District

22    Court says and that's not what the Third Circuit says and

23    that's not what the State Court says.  And they have all

24    considered -- we have all considered all of your arguments.  So

25    you now have another decision that you can appeal to the

19

1   District Court and see if that's any help to you.  I'm sorry.

2   　　　　　MR. FARZAN: This is the job of Trustee to look into

3   this fraud.

4   　　　　　THE COURT:  You've made that argument as well.  So

5   I'm not going to listen to any more.  Mr. Gerbino or Mr. Russo

6   do you have anything more to say?

7   　　　　　MR. GERBINO: I do not, Your Honor.

8   　　　　　MR. FARZAN: I object --

9   　　　　　MR. RUSSO: (indiscernible)

10   　　　　　THE COURT: All right, thank you.

11   　　　　　MR. FARZAN: I object to Mr. Gerbino's --

12   　　　　　MR. GERBINO: Thank you, Your Honor.

13   　　　　　MR. FARZAN:  -- because he is not, he is a not a

14   witness, Your Honor.   He has to testify under oath --

15   　　　　　THE COURT: This hearing is concluded, your objection

16   is noted.  Mr. Gerbino is an attorney representing his client,

17   he's not a witness.  Thank you.

18   　　　　　MR. GERBINO: Thank you.

19   　　　　　MR. FARNIA: Thank you.

20   　　　　　　　　　　*****

21

22

23

24

25   　　　　　　　C E R T I F I C A T I O N

20

1      I, TRACY GRIBBEN,  court approved transcriber, certify

2   that the foregoing is a correct transcript from the official

3   digital audio recording of the proceedings in the above-

4   entitled matter.

5

6

7   /s/ *TRACY GRIBBEN*

8

9

10  TRACY GRIBBEN TRANSCRIPTION, LLC      November 20, 2022

11                                           Date

12

13

14

15

16

17

18

19

20

21

22

23

24