NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REZA FARZAN,<br><br>Appellant,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Appellee. | Civil Action No. 23-1234 (MAS) |
| REZA FARZAN,<br><br>Appellant,<br><br>v.<br><br>BAYVIEW LOAN SERVICING LLC,<br><br>Appellee. | Civil Action No. 23-2424 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

      This matter comes before the Court on Appellant Reza Farzan's ("Farzan") above-captioned appeals from two orders of the United States Bankruptcy Court for the District of New Jersey ("USBC").[1] The first Order, dated February 15, 2023, denied Farzan's application for "multiple reliefs" pertaining to a state foreclosure action and related proceedings in the USBC.

---

[1] Docket entries from the underlying bankruptcy case, *In re Farzan*, No. 19-29256 (Bankr. D.N.J.), are designated as "Bankr. ECF No."

(Bankr. ECF No. 176.) The second Order, dated April 19, 2023, dismissed Farzan's Adversary Complaint against Bayview Loan Servicing LLC ("Bayview") and Nationstar Mortgage LLC ("Nationstar") (collectively, "Defendants"). (*See Farzan v. Bayview Servicing LLC*, Docket No. 19-29256, Adv. Pro. 23-1021, ECF No. 11.) The issue on appeal is whether the USBC's dismissals were proper.[2] The Court has considered the relevant submissions[3] and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court affirms the USBC's Orders.

I. **BACKGROUND**[4]

The history between the parties in this matter goes back nearly two decades, when Farzan defaulted on the mortgage of his home. In February 2005, Farzan executed a mortgage for a property located at 23 Twin Terrace, Holmdel, New Jersey, with American Mortgage Network,

---

[2] Farzan filed a "Motion to Proceed on Original Records" in both of his appeals. (No. 23-2424, ECF No. 8; No. 23-1234, ECF No. 9.) Because the Court considers the merit of the appeals herein, Farzan's Motions to Proceed on Original Records are denied as moot.

[3] The Court also notes that Farzan filed Motions for Reconsideration (No. 23-1234, ECF No. 11; No. 23-2424, ECF No. 9) of the December 5, 2023 Memorandum Opinion denying his motions to recuse the undersigned. Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) availability of new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Farzan's reconsideration motions do not submit new evidence or point to a controlling decision of law that the Court previously overlooked. Instead, Farzan's motions are based on his personal disagreement with the outcome of the underlying motions for recusal. This is not an appropriate basis for a motion for reconsideration as such disagreement should be raised through the appellate process. *See Smart v. Aramark Inc.*, No. 14-3007, 2014 WL 4053961, at *6 (D.N.J. Aug. 15, 2015). Farzan's reconsideration motions are, therefore, denied.

[4] The facts of this matter are extensively summarized in prior Opinions of this Court. *See, e.g., Farzan v. Bayview Loan Servicing, LLC*, No. 20-3330, 2021 WL 613843, at *1-4 (D.N.J. Feb. 17, 2021). (*See also* Bankr. ECF No. 54.)

Inc. ("AMN") for $359,200. *See Farzan*, 2021 WL 613843, at *1-4. Mortgage Electronic Registration Systems, Inc. ("MERS"), a nominee of AMN, assigned the mortgage note to J.P. Morgan Chase, who then assigned the note to Bayview. *Id.* at *1. Despite entering a loan modification agreement with Bayview in 2015, Farzan defaulted on his mortgage in 2016. *Id.*

Bayview initiated foreclosure proceedings in the New Jersey Superior Court, Monmouth County, Chancery Division, shortly thereafter. *Id.* In the state foreclosure action, Farzan raised various counterclaims and defenses, arguing, among other things, that Bayview lacked standing to foreclose because it did not possess the original mortgage note, and that he did not agree to the mortgage modification with Bayview. *Id.* The state court granted summary judgment in favor of Bayview and denied Farzan's claims. *Id.* A final judgment was entered in September 2019 and Farzan did not pursue an appeal. *Id.*; *see also In re Farzan*, No. 21-1334, 2021 WL 4075750, at *2 (3d Cir. Sept. 8, 2021). Before the deadline to appeal the state court judgment and in an effort to stall the foreclosure on his residence, Farzan filed for Chapter 13 bankruptcy. (*See* Bankr., ECF No. 1.)

### A.     The First Adversary Proceeding

In connection with his bankruptcy petition, Farzan filed his first adversary complaint ("First Adversary Proceeding") in the USBC against Bayview and its law firm. *Farzan*, 2021 WL 613843, at *1. (*See also Farzan v. Bayview Loan Servicing LLC*, Docket No. 19-29256, Adv. Pro. 19-2228, ECF No. 1.) In the First Adversary Proceeding, Farzan maintained—as he did in the state court proceedings—that Bayview lacked standing to foreclose because of "allegedly forged or fraudulent documents, which he claims he never signed, and [therefore] he has no obligation to pay the mortgage or judgment." *Farzan*, 2021 WL 613843, at *4.

3

The USBC dismissed the First Adversary Proceeding based on the *Rooker-Feldman* doctrine, abstention, and collateral estoppel. (*Farzan*, No. 19-29256, Adv. Pro. 19-2228, ECF Nos. 13, 19.) Farzan appealed to the District Court whereupon the Hon. Freda L. Wolfson, U.S.D.J. (ret.), affirmed the USBC's decision. *Farzan*, 2021 WL 613843, at *5. Farzan appealed once more, and the Third Circuit also affirmed. *In re Farzan*, 2021 WL 4075750, at *2. The Third Circuit concluded that the First Adversary Proceeding was "barred by New Jersey's preclusion rules." *Id.* (citing *In re Mullarkey*, 536 F.3d 215, 229-30 (3d Cir. 2008)). The Third Circuit found that Farzan's attempt to relitigate the same claims adjudicated in the state court—which resulted in a state court judgment that Farzan had lost—was a textbook example of res judicata:

> Farzan raised most of the same allegations in the foreclosure action—including various iterations of his claims that the defendants violated his rights through the 2009 transfer, the 2014 affidavit of lost note, and the 2014 transfer—but the trial court denied Farzan's defenses and counterclaims and granted summary judgment to Bayview.

*Id.* at *1 (citations omitted). To the extent that "there [was] any difference in the claims or parties in the two actions," the Entire Controversy Doctrine precluded Farzan from advancing any new theories arising out of the state court foreclosure judgment. *Id.* at *2. That is, the Entire Controversy Doctrine barred "*any variations of the claims* concerning the allegedly fraudulent transactions that Farzan [sought] to raise in this action." *Id.* (emphasis added).

B.     **The Instant Motions and Appeals**

Undeterred by the adverse rulings of the USBC, this Court, and the Third Circuit, Farzan continued to file various complaints, appeals, dismissal motions, motions to stay, motions to vacate, and motions for reconsideration in the bankruptcy action, none of which have been successful to date. Among them is Farzan's motion for "multiple reliefs" in the bankruptcy matter to: (1) recuse the USBC judge; (2) allow Farzan to subpoena Bayview and Nationstar's attorneys;

(3) permit various witnesses to testify on Farzan's behalf; and (4) compel Defendants to "reveal the owners" of the mortgage note prior to September 2022. (Bankr. ECF No. 164-3, at 2.) In a hearing on February 15, 2023, the USBC denied Farzan's motion as he was once again seeking to relitigate issues decided in the First Adversary Proceeding and in the underlying state court action. (Bankr. ECF Nos. 176, 186.) Unsatisfied with that outcome, Farzan appealed to this Court. (*See* Notice of Appeal, No. 23-2424, ECF No. 1.)

In the interim, Farzan filed yet another Adversary Complaint (the "Second Adversary Complaint") against Defendants on January 18, 2023. (Adv. Pro. 23-1021, ECF No. 1.) The Second Adversary Complaint recycled many of the same arguments as the First Adversary Proceeding, asserting that the final judgment of foreclosure in the state court proceedings must be overturned because: (1) the MERS assignment in 2009 was fraudulent (*id.* ¶¶ 11, 43); (2) J.P. Morgan Chase's affidavit of lost note was "fabricated" and fraudulent (*id.* ¶ 12); and (3) Bayview's March 5, 2020, proof of claim must be vacated (*id.* at ¶ 47). The Second Adversary Complaint references what Farzan claims to be "new evidence," which includes: (1) an order from December 2010 from the New Jersey Administrative Office of the Court ("AOC") and (2) a document entitled "National Mortgage Settlement" from April 4, 2012. (Adv. Pro. 23-1021, ECF No. 1, ¶¶ 19-20; *see also* ECF No. 1, at 1-3.) Farzan argues the AOC order declared the 2009 mortgage note to be fraudulent because it was "signed by a robo-signer Beth Cottrell." (Adv. Pro. 23-1021, ECF No. 1, ¶ 18; ECF No. 1 at 1-3.) He also asks the Court to take judicial notice of the "National Mortgage Settlement" document which allegedly provides standards to be applied in foreclosure and bankruptcy proceedings. (Adv. Pro. 23-1021, ECF No. 1, ¶¶ 19-20.) It appears that Farzan references the National Mortgage Settlement document to support his belief that Bayview failed

to use proper mortgage documents and as part of his continued efforts to reopen the state foreclosure judgment. (*Id.*)

The USBC dismissed the Second Adversary Complaint finding that "everything that [Farzan is] asking for in the [Second] [A]dversary [P]roceeding has already been decided, and so again, the [Second Adversary Complaint is barred by] *Rooker-Feldman*, collateral estoppel, the abstention doctrine, [and] res judicata." (*Id.* ECF No. 18, at 14.) In connection to Farzan's alleged "new evidence"—namely, the AOC administrative order and National Mortgage Settlement document—the USBC determined such documents were clearly in existence and fully available to Farzan prior to the state foreclosure judgment in 2019. (*Id.*) Farzan had the opportunity to present these documents in the state foreclosure case but failed to do so, and thus his arguments were barred by the Entire Controversy Doctrine. (*Id.*) The USBC accordingly dismissed the Second Adversary Complaint on April 19, 2023 (*id.*, ECF No. 11) and Farzan, once again, filed an appeal.[5] (*See* Notice of Appeal, No. 23-1234.) Both appeals are now ripe for review.[6]

---

[5] As part of Farzan's requests for relief, he asks this Court to stay a ruling on his bankruptcy proceedings during the pendency of his appeal to the Third Circuit, which was filed in a separate civil rights action. (*See* No. 23-2424, ECF No. 9, ¶ 12; No. 23-1234, ECF No. 11, ¶ 12.) In that action, Farzan filed a Complaint against various state court judges, the New Jersey Attorney General, the Office of Foreclosure, the Superior Court Clerk, and the County Clerk, alleging civil rights violations. (*See* "Cleary Action," No. 19-705, ECF No. 1.) On January 4, 2023, this Court dismissed Farzan's Amended Complaint with prejudice. (*See* Cleary Action, ECF Nos. 51, 52.) The Court later denied Farzan's Motion for Reconsideration and Motion for Leave to File an Amended Complaint. (Cleary Action, ECF No. 58.) Farzan filed a Notice of Appeal of the Court's Orders, and the appeal is pending. (Cleary Action, ECF No. 59.) The claims and parties involved in the Cleary Action, however, are separate and distinct from the instant bankruptcy appeals. Farzan's request to stay proceedings is therefore denied.

[6] Defendants have yet to file opposition briefs in either appeal. Having fully reviewed the substance of Farzan's submissions, the Court need not have this matter fully briefed before ruling on the merits of these appeals.

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). District courts review bankruptcy courts' legal conclusions de novo, their "factual findings for clear error," and their discretionary decisions for abuse thereof. *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (citations omitted). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." *Secivanovic v. Jacobson*, No. 06-2640, 2006 WL 2376922, at *1 (D.N.J. Aug. 16, 2006) (citing Fed. R. Bankr. P. 8013). In deciding a bankruptcy appeal, a district court is limited to the record before the bankruptcy court. *In re Stone Res., Inc.*, 482 F. App'x 719, 722-23 (3d Cir. 2012). Where a court lacks subject matter jurisdiction under *Rooker-Feldman*, dismissal is appropriate. *Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877848, at *1 (D.N.J. Sept. 5, 2017), *aff'd sub nom.*, 715 F. App'x 222 (3d Cir. 2018).

## III. DISCUSSION

This Court's analysis here will be brief. Turning to the issues raised in both of Farzan's bankruptcy appeals,[7] Farzan undoubtedly seeks to challenge the state foreclosure proceedings and the final judgment of foreclosure entered in September 2019. This Court, the USBC, and the Third Circuit have categorically rejected Farzan's attempts to collaterally attack the state court's final judgment. *In re Farzan*, 2021 WL 4075750, at *2; *see also Farzan*, 2021 WL 4075750, at *4.

---

[7] Farzan submitted an identical "informal brief" in both cases on January 2, 2024. (No. 23-2424, ECF No. 10; No. 23-1234, ECF No. 11.) Because the issues raised on appeal are identical, the Court's analysis of both of his appeals is largely the same.

7

Farzan, nevertheless, contests in these appeals,[8] the USBC's dismissal orders of his renewed attempts to challenge the 2009 assignment from MERS to J.P. Morgan, Bayview's 2014 affidavit of lost note, the 2014 assignment to Bayview, and Bayview's 2020 proof of claim.[9]

The Third Circuit has already considered Farzan's efforts to relitigate the same claims and declined that invitation based on New Jersey's preclusion rules. *In re Farzan*, 2021 WL 4075750, at *1 (citing *In re Mullarkey*, 536 F.3d at 229-30). Under New Jersey law, which governs this inquiry, "when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation." *Id.* (quoting *Adelman v. BSI Fin. Servs., Inc.*, 179 A.3d 431, 436 (N.J. Super. Ct. App. Div. 2018)). "Res judicata applies if there is '(1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action.'" *Id.* (quoting *Brookshire Equities, LLC v. Montaquiza*, 787 A.2d 942, 947 (N.J. Super. Ct. App. Div. 2002)).

---

[8] Farzan's Notice of Appeal also seeks to appeal a USBC Order of November 16, 2022. (Bankr. ECF No. 155.) Farzan's attempt to appeal the November 16, 2022 Order is denied. Federal Rule of Bankruptcy Procedure 8002 ("Rule 8002") provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). The "failure to file a timely notice of appeal amounts to a jurisdictional defect and bars district court review of a bankruptcy appeal." *Desoto v. Norris McLaughlin & Marcus, P.A.*, No. 11-646, 2011 WL 1431883, at *1 (D.N.J. Apr. 14, 2011). Farzan did not file the subject Notice of Appeal until March 2, 2023, over three months after the entry of the November Order. (Notice of Appeal, Bankr. ECF No. 178.) Farzan's attempt to appeal this Order is dismissed as he has blatantly failed to comply with Rule 8002.

[9] The Second Adversary Complaint appears to focus on Farzan's demand to vacate Bayview's proof of claim on March 5, 2020. (Adv. Pro. 23-1021, ECF No. 1.) The USBC denied this argument on two separate occasions. (Bankr. ECF Nos. 54, 148.) In any case, Farzan's end goal is the same: by persisting in his dispute over who owns the note and mortgage and attempting to have Bayview's proof of claim nullified, Farzan seeks to obtain a decision that he can use toward reopening the foreclosure judgment. Farzan's continued (and frivolous) efforts to relitigate issues that were resolved years ago are denied.

In short, the USBC correctly dismissed Farzan's request for "multiple reliefs" and the Second Adversary Proceeding since Farzan's efforts were nothing more than another attempt to relitigate issues arising from the state court foreclosure proceedings. (Bankr. ECF No. 186, at 17-18 (noting that the USBC "reviewed all of [Farzan's] arguments" years ago and agreed Bayview's proof of claim was legitimate and valid; therefore, the USBC was "not in a position to grant any of the relief" requested regarding issues "already [decided and] affirmed by higher courts."); Adv. Pro. 23-1021, ECF No. 18, at 14 (granting Defendants' motion to dismiss the [Second Adversary Proceeding] because "everything" Farzan was asking for "ha[d] already been decided" and thus barred by the preclusion doctrines and res judicata).)

The Court agrees with the USBC's conclusion that Farzan's instant claims are barred by res judicata. It follows that Farzan's alleged "new evidence" relating to the AOC's 2010 order and the 2012 National Mortgage Settlement document are "germane" to the foreclosure proceedings and disputes regarding the alleged new evidence are, thus, barred under the Entire Controversy Doctrine. (Adv. Pro. 23-1021, ECF No. 18, at 14 (acknowledging and rejecting Farzan's allegations that Bayview did not follow proper procedures in the foreclosure action based on the AOC order and National Mortgage Settlement document—as such documents were widely available to Farzan "prior to the entry of [the 2019] foreclosure judgment . . . .").) *See also In re Farzan*, 2021 WL 4075750, at *2 ("Moreover, to the extent there is any difference between the claims or parties in the two actions, Farzan's claims are nevertheless barred by New Jersey's Entire Controversy Doctrine. . . . This doctrine bars any variations of the claims concerning the allegedly fraudulent transactions that Farzan seeks to raise in this action."); *In re Mullarkey*, 536 F.3d at 229 ("The use of the word 'germane' in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the

9

subject matter of the foreclosure action."). In other words, any novel claim or evidence brought by Farzan challenging the foreclosure-plaintiff's (i.e. Bayview) "right to foreclose" is germane to a foreclosure action and should have been raised in the state court proceedings. *Sun NLF Ltd. v. Sasso*, 713 A.2d 538, 540 (N.J. Super. Ct. App. Div. 1988). The Court agrees with the USBC that where, as here, the alleged "new evidence" was readily available before the entry of the state court judgment, such claims are barred by the Entire Controversy Doctrine. For these reasons, the Court affirms the USBC's Orders granting Defendants' Motion to Dismiss and denying Farzan's motion for "multiple reliefs."

IV. **ORDER**

**IT IS THEREFORE,** on this  24th  day of January, 2024, **ORDERED** as follows:

1. The United States Bankruptcy Court's Order (Adv. Pro. 23-1021, ECF No. 11) granting Defendants' Motion to Dismiss the Second Adversary Complaint is **AFFIRMED**.

2. The United States Bankruptcy Court's Order (Bankr. ECF No. 176) denying Farzan's Motion for Multiple Reliefs is **AFFIRMED**.

3. Farzan's Motions to Proceed on Original Records (No. 23-1234, ECF No. 9; No. 23-2424, ECF No. 8) are **DENIED AS MOOT**.

4. Farzan's Motions for Reconsideration and to Stay Proceedings (No. 23-1234, ECF No. 11; No. 23-2424, ECF No. 9) are **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE