BLD-060        UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1236 & 24-1237
_____

IN RE: REZA FARZAN,
Appellant 24-1236

REZA FARZAN,
Appellant 24-1237

v.

BAYVIEW LOAN SERVICING LLC; NATIONSTAR MORTGAGE LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action Nos. 3:23-cv-01234, 3:23-cv-02424)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>
_____

JUDGMENT
_____

This cause came to be considered on the record from the United States District

Court for the District of New Jersey and was submitted for possible dismissal pursuant to

28 U.S.C. § 1915(e)(2)(B) and for possible summary action pursuant to Third Circuit

LAR 27.4 and I.O.P. 10.6 on January 8, 2025.  On consideration whereof, it is now

hereby

ORDERED and ADJUDGED by this Court that the order of the District Court

entered January 24, 2024, be and the same hereby is affirmed.  All of the above in

accordance with the opinion of this Court.


ATTEST:

s/ Patricia S. Dodszuweit
Clerk

Dated: January 15, 2025

Certified as a true copy and issued in lieu
of a formal mandate on   February 7, 2025

Teste: *Patricia A. Dodszuweit*

**Clerk, U.S. Court of Appeals for the Third Circuit**

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Cᴏᴜʀᴛ ᴏғ Aᴘᴘᴇᴀʟs
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE

215-597-2995

February 7, 2025

Melissa E. Rhoads
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and United States Courthouse
402 E State Street
Trenton, NJ 08608


RE: In re: Reza Farzan
Case Numbers: 24-1236, 24-1237
District Court Case Numbers: 3:23-cv-01234, 3:23-cv-02424


Dear District/Bankruptcy Clerk

Enclosed herewith is the certified judgment together with copy of the opinion or certified copy of
the order in the above-captioned case(s). The certified judgment or order is issued in lieu of a
formal mandate and is to be treated in all respects as a mandate.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment
or order shows costs taxed, if any.

Very truly yours,
Patricia S. Dodszuweit, Clerk


By: s/Laurie
Case Manager
267-299-4936
cc: Reza Farzan,
Quenten E. Gilliam, Esq.
Gregg P. Tabakin, Esq.

BLD-060                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1236 & 24-1237
_____

IN RE: REZA FARZAN,
                Appellant 24-1236

REZA FARZAN,
                                Appellant 24-1237
                        v.

BAYVIEW LOAN SERVICING LLC; NATIONSTAR MORTGAGE LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action Nos. 3:23-cv-01234, 3:23-cv-02424)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed January 15, 2025)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Reza Farzan appeals from the District Court's affirmance of the

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bankruptcy Court's orders in two related cases.  For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2005, Farzan obtained a mortgage for a home in New Jersey.  The originator of the loan transferred the mortgage and note to JP Morgan Chase Bank.  Chase later prepared an affidavit of lost note and transferred its interest to Bayview Loan Servicing LLC.  Farzan claims that these were fraudulent transactions, and that Bayview fabricated a mortgage modification document.  After Farzan defaulted on his mortgage, Bayview began foreclosure proceedings against him in New Jersey state court.  Farzan argued that Bayview lacked the right to foreclose because the transfers and affidavit were fraudulent.  In 2019, the state court granted summary judgment for Bayview.  Farzan did not appeal.

Farzan then filed a Chapter 13 bankruptcy petition.  In connection with his petition, Farzan initiated an adversary proceeding against Bayview.  Farzan claimed that Bayview committed fraud, as he had argued in prior proceedings.  The Bankruptcy Court dismissed his complaint, and on appeal, we affirmed.  See In re Farzan, No. 21-1334, 2021 WL 4075750, at *2 (3d Cir. Sept. 8, 2021) (per curiam).

Farzan responded by filing a motion in Bankruptcy Court in which he sought: (1) to vacate Bayview's proof of claim and stop the subsequent transfer of Bayview's claim to Nationstar; (2) production of evidence and introduction of testimony regarding that issue; and (3) recusal of the Bankruptcy Judge.  After a hearing, the Bankruptcy Court denied Farzan's motion, concluding that he was seeking to relitigate issues that had already been decided.  Farzan appealed to the District Court.

Farzan also initiated a second adversary proceeding in Bankruptcy Court, again

2

claiming fraud regarding his mortgage transfer.  He argued that he had recently

uncovered the following evidence: (1) administrative court orders from 2010 and a

special master report from 2011 regarding mortgage foreclosure proceedings; and (2) a

consent judgment from 2012.  On defendants' motion, the Bankruptcy Court dismissed

Farzan's complaint, and Farzan appealed to the District Court.

On appeal, Farzan moved to recuse the District Judge; his motion was denied.  The

District Court affirmed the Bankruptcy Court's orders.  Farzan's appeals to this Court

have been consolidated for review.

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1), and we have

jurisdiction pursuant to 28 U.S.C. § 158(d)(1).  "We exercise plenary review of an order

from a district court sitting as an appellate court in review of a bankruptcy court,"

reviewing its "conclusions of law de novo, its factual findings for clear error, and its

exercise of discretion for abuse thereof."  In re W.R. Grace & Co., 729 F.3d 311, 319

n.14 (3d Cir. 2013) (quotation marks and citations omitted).  We may summarily affirm

the District Court's decision if the appeal fails to present a substantial question.  See

Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court appropriately affirmed the Bankruptcy Court's orders here.

Fundamentally, Farzan's arguments regarding Bayview's proof of claim seek to relitigate

the same issue he has brought in several different iterations, which the state court already

heard and decided when it granted summary judgment to Bayview in its foreclosure

action.  To the extent that he sought to bring versions of the same claims he already

brought in those foreclosure proceedings, res judicata bars him from relitigating those

3

claims. See Brookshire Equities, LLC v. Montaquiza, 787 A.2d 942, 947 (N.J. Super. Ct.
App. Div. 2002) (Under New Jersey law, "for res judicata to apply, there must be (1) a
final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of
parties, and (4) identity of the cause of action.").

To the extent that there is any difference between the claims or parties between the
two actions regarding Farzan's claims of fraud, these claims are barred by New Jersey's
Entire Controversy Doctrine. Farzan could have made arguments based on the alleged
"new evidence" from 2010 through 2012 prior to the entry of the 2019 foreclosure
judgment against him. See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885
(3d Cir. 1997) (explaining that the Entire Controversy Doctrine "requires a party to bring
in one action all affirmative claims that [it] might have against another party, including
counterclaims and cross-claims . . . or be forever barred from bringing a subsequent
action involving the same underlying facts") (internal quotation marks and citation
omitted).

Further, we agree that recusal of the Bankruptcy Judge and District Judge was not
warranted.[1] Recusal is required where a judge "has a personal bias or prejudice
concerning a party, or personal knowledge of disputed evidentiary facts concerning the
proceeding." 28 U.S.C. § 455(b)(1). We review the denial of a recusal motion for abuse
of discretion. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d

---

[1] Farzan also requested that the District Court stay his proceedings pending the outcome
of his appeal to this Court in a civil rights action; the District Court denied his motion.
Any request to review that decision would be moot, as his appeal has since concluded.
See Farzan v. Cleary, No. 23-1740, 2024 WL 3983333, at *2 (3d Cir. Aug. 29, 2024).

Cir. 2000). Farzan's request for recusal of the Bankruptcy Judge were based on his disagreement with her decisions in his case and speculation about her motives, which are not a basis for recusal. See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) ("[A]dverse rulings . . . are not in themselves proof of prejudice or bias").

Farzan's request for recusal of the District Judge was also properly denied. He argued that recusal was necessary because: (1) the District Judge formerly worked for the New Jersey Attorney General's Office, which Farzan had named as a defendant in a different case; (2) the District Judge's spouse formerly worked for an accounting firm that Farzan claimed was affiliated with Bank of America, an entity he alleged was connected to this case because it was a mortgage servicer; and (3) Farzan believed that the District Judge held investments with Chase. Upon review of the documentation Farzan provided with his motion, none of these allegations regarding connections to non-parties support a finding of bias that would have necessitated recusal here.[2] See In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that "unsupported, irrational, or highly tenuous speculation" is not a basis for a judge's recusal).

Accordingly, we will summarily affirm the District Court's judgment.

---

[2] Farzan's motions for reconsideration on the recusal issue were also properly denied, as he did not show an intervening change in the law, new evidence, or the need to correct a clear error of law or prevent manifest injustice. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).